C. F. McGEE *v.* FOURTH AND FIRST NATIONAL BANK.*

### *(Nashville.* December Term, 1925.)

EQUITY. Where complainant fails to set demurrer for argument at first term, he admits its sufficiency and dismissal of bill is warranted, especially where more than six years passed without hearing (Code 1858, Sections 4393, 4394 [Shannon's Annotated Code Sections 6203, 6204]).

Under Code 1858, section 4394 (Shannon's Annotated Code, section 6204), requiring that demurrer shall be set for argument at first term, and Code 1858, section 4393 (Shannon's Annotated Code, section 6203), providing that if plaintiff considers demurrer bad he may set it down for argument, complainant is proper moving party, and he admits sufficiency of demurrer by failing to set it for hearing at first term, and failure to so set it for hearing for more than six years warrants dismissal of bill.

Cases cited and approved: Moses v. Brodie, 1 Tenn. Ch., 398; Caruthers v. Caruthers, 70 Tenn., 77; Harding v. Egin, 2 Tenn. Ch., 3.

Case cited and distinguished: Montgomery v. Olwell, 1 Tenn. Ch., 184.

Codes cited and construed: Secs. 6203, 6204, 6130 (S.); Secs. 4393, 4394, 4320 (1858).

---

*Headnote 1. Equity, 21 C. J., Section 804.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.
—Hon. John R. Aust, Chancellor.

Robt. B. Williams, for appellant.

P. D. Maddin, for appellee.

Mr. Justice Chambliss delivered the opinion of the
Court.

A question of practice only is presented. A bill to
recover alleged usury was filed May 31, 1919. A de-
murrer was filed August 12th following. The cause thus
stood without action of any kind until October 30, 1925
—six years, two months and eighteen days—when mo-
tions were made and heard by the chancellor on the same
day, by complainant to dispose of the demurrer, and by
defendant to dismiss the suit, on the ground, first, that
the sufficiency of the demurrer had been admitted by fail-
ure of complainant to set it for argument at the first
term, which opened the first Monday in October, 1919,
and, second, that complainant had been guilty of laches
in failing to prosecute his suit. This appeal is from the
decree of the chancellor dismissing the suit on both
grounds.

Section 6204, being 4394 of the Code of 1858, under
the chapter dealing generally with practice of the courts
of chancery, reads: "At First Term. A demurrer or a
plea shall be set for argument at the first term." Ap-
pellant insists that the obligation to move is not upon
the complainant and the default not, therefore, his.
Language in the section immediately preceding (Shan-

non's, section 6203, Code, section 4393) is pertinent as indicating upon whom the burden of moving rests:

"If the plaintiff conceives any plea or demurrer to be naught, either for the matter or manner of it, he may set it down with the clerk to be argued; or, if he thinks the plea good but not true, he may take issue upon it and proceed to trial."

This appears to be a recognition of the plaintiff as the proper moving party. Under section 6204, the learned annotator in his note heading says, "Complainant admits sufficiency of demurrer or plea by failing to set it down for argument." He cites and substantially quotes from *Montgomery* v. *Olwell,* 1 Tenn., Ch., 184, 185:

"The true meaning of it is that if the complainant fail to set the plea or demurrer for hearing at the first term, the defendant has the right to consider the sufficiency of his plea or demurrer as admitted, and to act accordingly."

By his great learning and wide experience as a chancellor, and also by reason of his work in compilation of the Code of 1858, Judge COOPER was peculiarly fitted to construe the Code sections relating to practice in chancery. In the later case of *Moses* v. *Brodie,* 1 Tenn. Ch., 398, the learned chancellor incidentally, but quite clearly, reaffirms this view.

In Gibson's Suits in Chancery, generally recognized by the profession as high authority, the learned author, in sections 313 and 314, dealing with how and when demurrers are disposed of, refers to the Code section above quoted, requiring that a demurrer shall be set for argument at the first term, and seems to treat the complainant as the proper moving party. He says:

"A demurrer is a challenge by the defendant to the complainant to test the right of the latter to require an

answer to his bill; and the complainant can take no step forward so long as the demurrer remains undisposed of. If he thinks the demurrer good, but avoidable by an amendment to his bill, he can avoid it by amending his bill; if, however, he thinks the demurrer fatal to his case, the only course open to him is to allow the court to determine the sufficiency of the demurrer, or to dismiss his bill on his own motion. If, on the other hand, he thinks the demurrer bad, for any reason, he may demand the action of the court upon it, either when the case is reached on the docket, or at any earlier time allowed by the rules of the court."

The pronoun "he" repeated throughout this paragraph obviously refers to the complainant. Under a different section, Code, section 4320 (Shannon, section 6130), the burden of moving is shown by Mr. Gibson to be on the demurrant, when the demurrer is filed with an answer, citing *Caruthers* v. *Caruthers,* 2 Lea, 77, and *Harding* v. *Egin,* 2 Tenn. Ch., 3.

We are not impressed with the importance of the origin and source, stressed by counsel, of the Code sections discussed. They were brought into the Code of 1858, adopted by the legislature as a whole. There is no conflict in the provisions. Nor are we of opinion that the practice and the general acceptation of the bar has been so at variance with the construction of this statute above indicated as to have misled counsel for complainant. The expressions from Mr. Gibson and the note of the annotator in Shannon's Code, above quoted, would seem to indicate that it has been generally understood to be the rule that a complainant admits the sufficiency of a demurrer by failing to set it down for argument.

It appears that in September, 1919, immediately following the filing of the demurrer, certain correspondence took place between counsel for complainant, who resided in Lawrenceburg, Tenn., and counsel for the defendant, looking to the setting down of the demurrer for argument, and it was contended before the chancellor, and is now insisted here, that the effect of this correspondence was to waive the statutory requirement that the demurrer be set down for argument at the first term. It will be noted that the initiative was taken in this correspondence by counsel for the complainant—this being in apparent recognition of the obligation resting on complainant to move in the matter. But however this may be, this correspondence is quite evidently directed to the October term of the chancery court, immediately following, and we do not find justification therein for the failure of counsel for complainant to take any steps within that term.

In view of what has been said, the action of the chancellor in dismissing the bill on the ground indicated must be sustained and the decree affirmed. The conclusion reached renders a discussion of the application of laches, being the second ground of the motion below to dismiss, unnecessary.