STATE OF TENNESSEE FOR THE USE OF P. G. SMITH, *et al.,*
v. SIDNEY S. McCONNELL, SUPT. OF BANKS FOR STATE
OF TENNESSEE, AND OTHERS.*

(*Nashville.* December Term, 1927.)

Opinion filed March 3, 1928.

1. CHANCERY PRACTICE. DISMISSAL WITHOUT PREJUDICE.

The general rule is that a suit may be dismissed without prejudice
where the case has not been disposed of on its merits. (Post, p.
525.)

Citing: 21 C. J., 639; Gibson's Suits in Chancery (2d Ed.), 570.

2. CHANCERY PRACTICE. DISMISSAL WITHOUT PREJUDICE.

The court has power to order a dismissal without prejudice even
where a trial is had upon the merits. (Post, p. 526.)

Citing: Marley v. Foster, 102 Tenn. (18 Pick.), 241; Grubb v. Brow-
der, 58 Tenn. (11 Heis.), 294.

3. CHANCERY PLEADING. DEMURRER. PLEA.

By failing to set down a demurrer for argument the complainant
admits the sufficiency of the demurrer. (Post, p. 526.)

Citing: Shannon's Code, sec. 6204; McGee v. Fourth & First National
Bank, 153 Tenn. (26 Thomp.), 527.

4. SUBSTANTIVE LAW.    ADJECTIVE LAW.

Substantive law is that part of the law which creates, defines and
regulates rights as opposed to adjective or remedial law, which
prescribes the method of enforcing rights or obtaining redress for
their invasion. (Post, p. 526.)

Citing: Words & Phrases (2 Ed.), Vol. 4, p. 754; Nix v. Board of
Com'rs. of Nez Perce County, 112 Pac., 215, 220, 18 Idaho, 695, 32

L. R. A. (N. S.), 534; 36 C. J., 960, 963; Jones v. Erie R. Co., 106 Oh. St., 408, 412, 140 N. E., 366, 368.

**5. PLEADING AND PRACTICE. NONSUIT.**

The right to take a nonsuit is a substantial right, but the time for hearing the demurrer as provided by statute is procedural, and failure to set a demurrer down for argument at the first term does not forever cut off complainant's right to dismiss without prejudice. (Post, p. 527.)

---

*Headnotes 1. Equity, 21 C. J., section 815; 2. Law, 36 C. J., sections 8, 27.

---

### FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —HON. JAMES B. NEWMAN, Chancellor.

JEFF McCARN and THOS. G. KITTRELL, for complainants, Smith, et al.

L. D. SMITH, Attorney-General, BASS, BERRY & SIMS and PERCY D. MADDIN, for defendants.

MR. JUSTICE McKINNEY, delivered the opinion of the Court.

Broadly speaking the bill seeks a recovery against Mc-Connell, Superintendent of Banks, and the surety on his official bond, for nonfeasance in office alleged to have resulted in pecuniary loss to complainants.

The bill was seasonably demurred to, but the case was not set for hearing by complainants at the first term subsequent to that at which the demurrers were interposed.

A motion was filed by defendants to dismiss the suit because the demurrer was not set for hearing at the first term.

Pending the hearing of said motion, the complainants made a motion to be permitted to dismiss their bill without prejudice, which motion was granted by the Chancellor, and to which the defendants excepted and prayed an appeal to the Court of Appeals. The latter court modified the decree of the Chancellor to the extent of eliminating that portion which authorized a dismissal "without prejudice." Upon petition, filed by complainants, the writ of *certiorari* has been granted and the cause argued before this court.

(1) The general rule is that a suit may be dismissed without prejudice where the case has not been disposed of on the merits.

In 21 C. J., 639, it is said:

"A dismissal without prejudice is generally proper wherever the case has been disposed of for a reason not reaching the merits."

In Gibson's Suits in Chancery (New), section 570, it is said:

"When a bill is dismissed (1) because of some slip or mistake in the pleadings or proof, or (2) because of failure to give some required bond, or (3) for want of any of the prerequisites of the writ, or (4) for want of necessary parties, or (5) for any other reason not involving the merits of the controversy, it should generally be dismissed without prejudice to complainant's rights to file another bill. And even when there is an adjudication upon the merits, and it appears probable from the pleadings, or proof, that in a new suit better adapted to the equities sought to be set up, relief may be had; or

that, in a subsequent suit, evidence not now attainable may be produced, the Court will, on application, incline to dismiss the bill without prejudice, if the complainant is guilty of no negligence or bad faith.

"Where, however, the defendant has taken his proof on the merits, and the complainant has either taken no proof, or is unwilling to have the cause heard on the proof on file, he should not be allowed to dismiss his bill without prejudice; and thus be given full leave to again relitigate the same matters with the same parties. In such case the complainant may, subject to the rules heretofore laid down in this Chapter, dismiss his bill, but such dismissal must be subject to all the consequences incident to a dismissal with prejudice."

*(2)* This court frequently orders a dismissal without prejudice even where a trial is had upon the merits. *Marley* v. *Foster,* 102 Tenn., 241; *Grubb* v. *Browder,* 58 Tenn., 294.

While there are exceptions to this rule, we have been referred to no authority that brings the defendants within any of these exceptions.

*(3)* Section 6204 of Shannon's Code is as follows:

"A demurrer or a plea shall be set for argument at the first term."

In construing this statute this court, in *McGee* v. *Fourth & First National Bank,* 153 Tenn., 357, held that a complainant admits the sufficiency of a demurrer by failing to set it down for argument. Counsel for defendants insist that the statute, as thus construed, conferred upon them substantive rights of which they were deprived by the decree of the Chancellor.

*(4)* In Words & Phrases (Second Edition), vol. 4, p. 754, it is said:

"Substantive law is that part of the law which creates, defines and regulates rights as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion." *Mix* v. *Board of Com'rs of Nez Perce County,* 112 Pac., 215, 220, 18 Idaho, 695, 32 L. R. A. (N. S.), 534.

In 36 C. J., 960, it is said:

"In its most comprehensive sense, the law of remedy includes all lawful modes of redressing violation of legal rights. But as more commonly used, it covers only the forms of redress which may be had through the exigency of courts of justice."

In the same book, on page 963, it is said:

"Law is also divided into substantive and adjective. Substantive law is that part of the law which creates, defines, and regulates rights, as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion."

In *Jones* v. *Erie R. Co.,* 106 Oh. St., 408, 412, 140 N. E. 366, 368, it is said:

"It is proper in this connection to draw the distinction between those questions relating to substantive law and questions of procedure. The substantive law relates to rights and duties which give rise to a cause of action. Procedure is the machinery for carrying on the suit."

(5)     In *Barrett* v. *Virginian R. Co.,* 250 U. S., 475, 63 L. Ed., 1095, the court held that the right to take a nonsuit was substantial, but that when and how the right may be asserted relates to practice and mode of proceeding.

So, in the cause under consideration, the right of defendants to test the sufficiency of the bill by demurrer

may be substantial, but the time for hearing the demurrer, as provided in the statute, is procedural.

In the circumstances of this cause it would almost amount to a denial of justice to say that complainants are forever cut off from having their cause heard upon its merits simply because by oversight or misunderstanding they failed to set the demurrer for argument at the first term.

For the reasons stated herein, the decree of the Court of Appeals will be reversed and that of the Chancellor affirmed.