MINNIEBELLE FULFORD *v.* JAMES A. FULFORD.*

(*Jackson*, April Term, 1927.)

Opinion filed March 31, 1928.

1. DIVORCE. EVIDENCE. CORROBORATION.

Under a bill for divorce brought by a wife against the husband, with proper allegation of abandonment and failure to provide, she testified to facts tending to show abandonment and refusal or neglect to provide, but her testimony as to abandonment was not corroborated by any evidence, a divorce should not be granted. (Post, p. 641.)

Citing: Thompson-Shannon's Code, sec. 4202, subsection 3, Thompson-Shannon's Code, section 4212; 10 C. J., 133; 9 R. C. L. 435, Note 25 L. R. A. (N. S.), 45, Anno. Cas., 1913B, 3 Note.

2. DIVORCE. EVIDENCE. CORROBORATION.

The rule that a divorce should not be granted upon uncorroborated testimony of a complainant is not an inflexible one, but might be varied in a case where it would be impossible to procure corroboration, circumstantial or otherwise. (Post, p. 642.)

*Headnote 1. Divorce, 19 C. J., section 348.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—HON. M. C. KETCHUM, Chancellor.

BROWN & WALDAUER and C. L. GLASCOCK, for appellant.

LEE WINCHESTER, for appellee.

*As to necessity of corroboration of admission or testimony of party to divorce, see 25 L. R. A. (N. S.), 45; 9 R. C. L., 435.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this case the complainant's bill for divorce was dismissed by the Chancellor and the Chancellor's decree was affirmed by the Court of Appeals. The case has been heard before us on petition for *certiorari* granted.

The complainant charged in substance that defendant had abandoned her and refused or neglected to provide for her. Thompson-Shannon's Code, sec. 4202, subsec. 3. The bill alleged that her husband abandoned her in New Orleans; that he had contributed nothing to her support for a period of about two years; and that she removed to Memphis where she had been living for two years before suit and where she had supported herself entirely.

*(1)* She testified to facts tending to show abandonment and refusal or neglect to provide as charged. Her testimony as to abandonment was not, however, corroborated by any evidence, circumstantial or direct, on the hearing below. Publication was made for the defendant and a *pro confesso* taken against him. Both the Chancellor and the Court of Appeals were of opinion that a divorce should not be granted under the circumstances appearing upon the uncorroborated testimony of the complainant. The propriety of this conclusion is the only question raised upon the petition for *certiorari*.

Upon consideration of the matter, we are of opinion that the conclusion reached was correct. Such is the weight of authority. In many jurisdictions there is a statute so declaring the law. Where there is no statute the courts generally adhere to this rule.

It is thought that a different practice would encourage collusion. Section 4212, Thompson-Shannon's Code,

requires that notwithstanding a divorce bill be taken for confessed "the Court shall nevertheless before decreeing a divorce hear proof of the facts aforesaid and then either dismiss the bill or grant a divorce as the justice of the case may require."

See 10 C. J., 133, 9 R. C. L. 435, Note 25 L. R. A. (N. S.) 45, and Note Anno. Cas. 1913B, 3, where many cases are collected.

(2) We do not intend to lay it down as an inflexible rule that under no circumstances shall a divorce be granted upon the uncorroborated testimony of one of the parties. A case may arise in which it would be impossible to procure corroboration, circumstantial or otherwise. In the case before us, however, the parties seem to have lived in a boarding house at New Orleans and it does not appear that it would have been a matter of any great difficulty for the complainant to have procured evidence corroborating her own at least as to part of the essential particulars. We think this is a case for the application of the general rule.

The decree below will accordingly be affirmed but without prejudice to the rights of the complainant to bring another suit which she may be able to sustained with sufficient proof.