BROWN *v.* BROWN.

(*Nashville*, December Term, 1933.)

Opinion filed June 23, 1934.

ROBERT L. SADLER, of Nashville, for plaintiff in error.

A. W. AKERS, of Nashville, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Mary L. Brown's suit for divorce was dismissed by the circuit court of Davidson county by the following order:

"This cause came on to be heard before the Honorable A. B. Neil, Judge, etc., upon the original bill of the complainant, the answer of the defendant thereto, and upon proof of witnesses introduced in open Court, from all of which the Court finds that the allegations of the complainant's bill have not been sustained by the proof.

"It is, therefore, ordered, adjudged and decreed by the Court that complainant's bill be, and the same is hereby dismissed without prejudice, and that the defendant, Randall G. Brown, have and recover of the complainant, Mary L. Brown, all the costs of this cause, for which execution may issue."

Her subsequent suit, now before us on her appeal, wherein her petition is identical with that of the previous suit, was dismissed, on the ground that the judgment above quoted is *res adjudicata* and a bar to the present action.

The petitioner, appellant here, contends that the words "without prejudice," qualifying the judgment of dismissal, deprived that judgment of any force as an adjudication of the merits of her claim of right to a divorce for the causes alleged in her petition, and left her free to institute and prosecute a new action on the same grounds.

 An action for divorce, whether brought in a court of law or equity, is tried according to the forms of chancery. *Broch* v. *Broch,* 164 Tenn., 219, 47 S. W. (2d), 84. Since the suit is one which involves a social status, in which the state, as well as the parties, is interested, it is treated by statute and by judicial action as *sui generis. Lingner* v. *Lingner,* 165 Tenn., 525, 56 S. W. (2d), 749.

The circuit court, in dismissing the first suit without prejudice, followed the action taken by this court in *Fulford* v. *Fulford,* 156 Tenn., 640, 4 S. W. (2d), 350, 351. In that case the complainant had not complied with a general rule of procedure which required that her testimony be supported by corroborative evidence. She had, therefore, failed to support the averments of her petition by adequate proof. Her suit was accordingly dismissed, but the judgment of dismissal was directed by this court to be "without prejudice to the rights of the complainant to bring another suit which she may be able to sustain with sufficient proof."

██ We construe the judgment of the circuit court in the first suit, as in the case just cited, to mean that although the petitioner had not sustained her petition by proof sufficient to empower the court to grant her a judgment of divorce, the court was unwilling to finally ad-

judicate the merits of her complaint, and therefore dismissed her petition "without prejudice" to her right to renew her claim in another action. So construed, the judgment was not an adjudication of the merits nor a bar to the new suit on the same cause of action.

The practice heretofore followed in this state, as well as the rule elsewhere followed, clearly sustains this action of the circuit court. In *State for Use of Smith et al.* v. *McConnell,* 156 Tenn., 523, 3 S. W. (2d), 161, 162, we said: "This court frequently orders a dismissal without prejudice even where a trial is had upon the merits. *Marley* v. *Foster,* 102 Tenn., 241, 52 S. W., 166; *Grubb* v. *Browder,* 58 Tenn. [11 Heisk.], 299."

We quote from Gibson, Suits in Equity, sec. 570; "And even when there is an adjudication upon the merits, and it appears probable from the pleadings, or proof, that in a new suit better adapted to the equities sought to be set up, relief may be had; or that, in a subsequent suit, evidence not now attainable may be produced, the court will, on application, incline to dismiss the bill without prejudice, if the complainant is guilty of no negligence or bad faith."

In *Young* v. *Cavitt,* 54 Tenn. (7 Heisk.), 18, the court construed a former decree rendered in a suit between the same parties, so framed as to conclude the merits, but subsequently modified so as to dismiss the suit "without prejudice." It was ruled that the effect of the modification was "to authorize the complainants to file another bill, without being met by the legal consequence of a decree of dismissal on the merits," and that the questions litigated in the first action were properly in issue in the subsequent suit.

■ Numerous cases from other jurisdictions, sustaining the power of a court of equity to so restrict its judgment of dismissal, are collected in the annotation to *Buchholz-Hill Transp. Co.* v. *Baxter,* 206 N. Y., 173, 99 N. E., 180, Ann. Cas., 1914A, 1105. The dismissal "without prejudice" is sometimes limited to specific issues, as in *Condon* v. *Knoxville, etc., R. Co.* (Tenn. Ch. App.), 35 S. W., 781; or may receive a technical or restricted construction, as in *Missouri* v. *Chicago, etc., R. Co.,* 241 U. S., 533, 36 S. Ct., 715, 60 L. Ed., 1148; or may otherwise be limited by the express language or context of the judgment; but the dismissal of an action for divorce "without prejudice" can only mean the right to the divorce is not adjudicated in the action so dismissed. See *Thurston* v. *Thurston,* 99 Mass., 39.

The judgment of the circuit court, sustaining the plea of *res adjudicata,* will be reversed, and the case remanded for answer. The appellee will pay the costs of the appeal.