STATE *ex rel.* YEARGIN *v.* PETTY *et al.*

*(Jackson,* April Term, 1935.)

Opinion filed June 10, 1935.

W. C. DAVIDSON, of Nashville, for appellant.

NAT TIPTON, Assistant Attorney-General, and C. L. BOYD, of Waynesboro, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Following a conviction of grand larceny, Yeargin appealed to this court, but no bill of exceptions was made

a part of the record; it appearing that it had not been signed within the time fixed by law by the trial judge. The bill in this case was thereupon filed to set aside the judgment in the circuit court of Maury county and obtain a new trial upon the theory, advanced in the bill, that Yeargin had been deprived of a review of his case in this court on the facts by the failure of the trial judge to sign his bill of exceptions, without fault on his part. The allegation of the bill touching this matter was as follows:

"On August 26, 1932, and within the time allowed by the court for the filing of his Bill of Exceptions, relator, with his counsel went to Columbia and his Bill of Exceptions was presented to the Trial Judge, Hon. W. B. Turner; but the Attorney-General, Hon. C. L. Boyd, being out of town, the Trial Judge instructed the counsel for relator to have the Bill of Exceptions marked filed by the Clerk and that he, the said Trial Judge, would present it to the Attorney-General and they together would read it and that he, the said Trial Judge, would approve the same within the time allowed by the order of the court and that your relator would not lose any of his rights.

"Said Bill of Exceptions was so filed by the Clerk, but through oversight or mistake the said Trial Judge failed to sign the same within the time allowed by said order."

The bill set out that he had a meritorious defense to the criminal proceeding, and could establish his innocence upon a new trial.

His bill was filed in the chancery court on the 17th of May, 1933, and on the 3rd day of June following, a demurrer was interposed by Attorney-General Beeler,

who had been made a party defendant, assigning several grounds; one that the bill was premature in that it showed that the appeal from the criminal conviction was still pending in the Supreme Court, and another that the bill failed to show that the attorney of the relator was free from fault in the matter of procuring the signature of the trial judge to the bill of exceptions.

It appears that no steps were taken in the cause from the filing of this demurrer on June 3, 1933, until February 23, 1935, when motion was filed by the Attorney-General of the judicial circuit to dismiss the bill for want of prosecution. This motion came on to be heard by the chancellor on the 2nd day of March, and was sustained and the bill dismissed; the decree reciting that several regular terms of the court had passed since the filing of the demurrer, and ''that the complainant has wholly failed to set said demurrer for hearing at either of the several regular terms of the Chancery Court'' which had intervened since its filing. The court also expressed the opinion ''that there is no equity on the face of the bill.'' The appeal in this case is from this decree of dismissal.

The state properly relies upon the holding of this court in *McGee* v. *Fourth & First National Bank,* 153 Tenn., 357, 284 S. W., 60, wherein it was held that the burden was upon the complainant to take proper steps to have a demurrer interposed in the cause disposed of, and that failure to act seasonably in this regard would justify the dismissal of the bill by the chancellor.

It is also insisted by the state that the bill is without equity on its face, in that it fails to show affirmatively that the relator and his attorney were altogether without fault. We find it unnecessary to pass upon this

question, which may be conceded to be close upon the facts alleged, in view of our opinion that the decree of the chancellor must be sustained upon the ground hereinbefore noted.