Lyle *et al. v.* DeBord *et al.*

(*Knoxville,* September Term, 1947.)

Opinion filed November 29, 1947.

BURROW & BURROW, of Bristol, PRICE & PRICE and B. B. SNIPES, all of Johnson City, for complainants.

SIMMONDS & BOWMAN, of Johnson City, and ROBERT M. MAY, of Jonesboro, for defendants.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The bill herein, three times amended, was filed to invalidate a tax title to certain real estate in Johnson City.

A demurrer was seasonably filed to the bill and to each amendment by the various parties defendant.

Apparently after the last amendment and demurrer thereto the cause was submitted to the Chancellor for determination thereon. Before he acted on the cause as thus submitted the complainants informed him they desired to take a "voluntary non-suit." When this fact was made known to counsel for the DeBords, appellants herein, they wrote the Chancellor objecting to a non-suit and citing in support of their objection a code section applicable to law causes.

While in this state the Chancellor wrote counsel for all parties on June 4, 1946, denying the complainants the

right to take a non-suit. In his letter he bases his action on certain cases that apply to law causes. No order was entered of record showing an application for non-suit. No order was entered denying the right of dismissal at the time.

On December 17, 1946, the Chancellor handed down a "memo" opinion sustaining the demurrer to the bill. On the same day an order was entered in compliance with this "memo" opinion.

On January 16, 1947, the complainants filed a vigorous petition to rehear based on their previous application to take a non-suit or voluntary dismissal. It was then for the first time pointed out that the authorities on which the Chancellor based his ruling as per his letter of June 4, 1946, applied to law causes and not to chancery cases. This petition being filed and answered the Chancellor directed a *nunc pro tunc* order be entered in accord with his letter of June 4, 1946. He then granted the petition to rehear and allowed the complainants "to take a non-suit without prejudice." It is from this order that the defendants appeal.

In *State for use of Smith et al.* v. *McConnell*, 156 Tenn. 523, 525, 3 S. W. (2d) 161, an appeal was to the Court of Appeals from a like order to that entered in the instant case. The Court of Appeals "modified the decree of the chancellor to the extent of eliminating that portion which authorized a dismissal 'without prejudice.' " This court granted a petition for *certiorari* and in reversing the Court of Appeals said:

"The general rule is that a suit may be dismissed without prejudice where the case has not been disposed of on the merits.

"In 21 C. J., 639, it is said:

" 'A dismissal without prejudice is generally proper wherever the case has been disposed of for a reason not reaching the merits.'

"In Gibson's Suits in Chancery (4th Ed.) Sec. 570, it is said:

" 'When a bill is dismissed (1) because of some slip or mistake in the pleadings or proof, or (2) because of failure to give some required bond, or (3) for want of any of the prerequisites of the writ, or (4) for want of necessary parties, or (5) for any other reason not involving the merits of the controversy, it should generally be dismissed without prejudice to complainant's rights to file another bill. And even when there is an adjudication upon the merits, and it appears probable from the pleadings, or proof, that, in a new suit, better adapted to the equities sought to be set up, relief may be had, or that, in a subsequent suit, evidence not now attainable may be produced, the court will, on application, incline to dismiss the bill without prejudice, if the complainant is guilty of no negligence or bad faith.

" 'Where, however, the defendant has taken his proof on the merits, and the complainant has either taken no proof, or is unwilling to have the cause heard on the proof on file, he should not be allowed to dismiss his bill without prejudice; and thus be given full leave to again relitigate the same matters with the same parties. In such case the complainant may subject to the rules heretofore laid down in this chapter, dismiss his bill, but such dismissal must be subject to all the consequences incident to a dismissal with prejudice.'

"This court frequently orders a dismissal without prejudice even where a trial is had upon the merits. *Marley* v. *Foster*, 102 Tenn. 241, 52 S. W. 166; *Grubb* v. *Browder*, 58 Tenn. 299.

"While there are exceptions to this rule, we have been referred to no authority that brings the defendant within any of these exceptions."

In the case last above cited and quoted from it was apparently claimed that the dismissal should be with "prejudice" because "the demurrer was not set for hearing at the first term."

In the instant case it is said the complainants should not be allowed to dismiss their suit because: "(1) They did not make any motion to dismiss in open court, nor did they file any written motion in vacation; (2) They did not pay the accrued court costs, nor did they offer to do so; (3) They have not offered any good or sufficient reason why they should be permitted to dismiss their suit. In fact they have offered no reason whatever for their action. They insist they are entitled to dismiss the suit as a matter of right, which under the decisions, they clearly cannot do. (4) If they insist their petition to rehear is, or is equivalent to a written notice to dismiss, we answer that it did not come until after decree was entered, and an appeal prayed therefrom."

At common law a plaintiff has the right to dismiss his suit whenever he may choose, except where the defendant pleads a set-off, as to which the defendant is a plaintiff, a plea of set-off being a sort of cross action. *Riley & White* v. *Carter*, 22 Tenn. 230; *Galbraith* v. *East Tennessee, V. & G. R. Co.*, 58 Tenn. 169, 173. Other exceptions have been adopted by this court as the occasion arose. We have no statutory enactment making it mandatory that a petition or application to dismiss be in writing. Code section 9093 says: "Suits *may* be dismissed, in writing, out of term time as well as in term, and further *costs* stopped; . . ." (Italics those of the court.)

█ In the instant case it clearly appears counsel had notice of the application to dismiss and protested the application. The real reason for this protest now appears to be that if the dismissal is allowed "without prejudice" other suits may be brought thereby causing a cloud on the title to the property in question. This is not a sufficient reason to prevent the Court in its discretion allowing a voluntary dismissal. We think there are other means of removing any supposed cloud on the title to this property.

██ The decree sustaining this motion provides: "that complainants and their sureties be taxed with all the costs of the cause, for which execution may issue." An appeal was immediately perfected. The decree does not make the payment of costs a prerequisite to dismissal. We know of no rule requiring a plaintiff to assign any reasons for voluntarily dismissing his suit. His reasons are frequently obvious but not stated.

We think the reasons and authorities cited in State for use of *Smith* v. *McConnell, supra,* applicable here.

For the reasons given the decree of the lower court must be affirmed. The costs of the appeal will be taxed to the appellants and their sureties.

All concur.