68 So.2d 376 (1953)
FIELD
v.
FIELD.
Supreme Court of Florida, Division B.
July 31, 1953.
On Rehearing November 6, 1953.
Rehearing Denied December 10, 1953.
Loftin, Anderson, Scott, McCarthy & Preston, George F. Gilleland and Francis W. Sams, Miami, for appellant.
Redfearn & Ferrell, Miami, for appellee.
DREW, Justice.
George C. Field, Jr., appellee (hereafter called the husband), filed a complaint for divorce in the Circuit Court of Dade County against his wife, Florence Dill Field, appellant (hereafter called the wife), charging desertion. On receiving notice of the suit, the wife, then residing in New Jersey, through her New Jersey counsel, by letter, advised the presiding Judge of the Circuit Court of the Eleventh Judicial Circuit that the husband had been indicted in New Jersey for criminal desertion and *377 assault and battery (on the wife) and that she (the wife) had obtained a judgment of separate maintenance in her favor in the New Jersey courts prior to the time the Florida action was filed and that the New Jersey Court had enjoined the husband from prosecuting his Florida action. On refusal of the Florida Court to recognize such proceedings the wife appeared and answered the husband's complaint. The answer denied the husband's Florida residence and the desertion, and alleged the entry of the New Jersey decree.
The cause was referred to a master and voluminous testimony was taken, culminating in a recommendation that the bill of complaint be dismissed because "the plaintiff [had] not established statutory desertion * * *."
When the matter reached the chancellor on exceptions to the master's report he decreed that the bill be "dismissed" and that prayer for divorce be denied for the lack of proof of one of the elements of the charge of desertion. We do not find sufficient disparity between the recommendation and the decree to warrant an exploration of the law on the points attempted to be raised. Obviously the appellant won the suit when the bill was dismissed regardless of the fact that the master thought no element of desertion had been established, the chancellor thought one had not been proved.
Later, and by a separate order, the lower court, pursuant to the prayer of a petition filed by the husband, ordered the wife to join with the husband:
"* * * in the execution of a warranty deed with the said George C. Field, Jr., for the purpose of conveying said property to said purchaser and that in the event the defendant fails within ten (10) days from the date of this order to execute said deed, then the plaintiff is hereby authorized and directed to execute to said purchaser a deed in the name of himself and his said wife conveying the fee simple title thereby and all rights, title and interest therein of the said George C. Field, Jr., and Florence Dills Field, his wife, to the said purchaser, including all dower rights of the said defendant."
The same order further provided:
"It Is Further Ordered, Adjudged and Decreed that the transaction whereby said sale shall be consummated shall be handled through petitioner's attorneys. Redfearn & Ferrell, of Miami, Florida, and that said attorneys are hereby authorized and directed to collect and receive the funds due under said sale and to disburse from said sum so received the amounts heretofore decreed to be paid by the order of this court dated November 5, 1952, or any other order, and also to pay all taxes, insurance premiums, and other items required for the protection of the properties now held in the name of George C. Field, Jr. and in the name of Capstone Manufacturing Company, a corporation in which George C. Field, Jr. is a majority stockholder.
"It Is Further Ordered, Adjudged and Decreed that said Redfearn & Ferrell are authorized and directed to pay to themselves out of said sum the reasonable fees now due to them by the said George C. Field, Jr., and that after said sums shall have been paid the said Redfearn & Ferrell shall report to the court the sums so paid out and the balance of moneys remaining in their hands to the credit of George C. Field, Jr. at which time the court will enter such further order concerning the disposition of the balance of the money on hand as may seem meet and proper. No adjudication is being made of the wife's right of dower or on the proceeds of said sale."
It is from both the final decree and the order from which we have just quoted that this appeal is taken.
The order requiring the wife to join in the conveyance is obviously erroneous.
The purpose of ordering the wife to join in the conveyance was, of course, to divest her of her dower right in the property *378 in order that an effective conveyance thereof could be made. Had the Chancellor granted a divorce in the cause the husband would have been free to make such conveyance. But the effect of what he did was to leave the parties just where they were (so far as the marital status was concerned) before the suit was instituted. The lower court's order was clearly erroneous under the ruling of this Court in the case of Pawley v. Pawley, Fla., 46 So.2d 464, 472, 28 A.L.R.2d 1358, rehearing denied, Fla., 47 So.2d 546 where, in footnote No. 2, it is said:
"In this, if not in every jurisdiction, right of dower can never be made the subject of a wholly independent issue in any divorce suit. It stands or falls as a result of the decree which denies or grants divorce. It arises upon marriage, as an institution of the law. The inchoate right of dower has some of the incidents of property. It partakes of the nature of a lien or encumbrance. It is not a right which is originated by or is derived from the husband; nor is it a personal obligation to be met or fulfilled by him, but it is a creature of the law, is born at the marriage altar, cradled in the bosom of the marital status as an integral and component part thereof, survives during the life of the wife as such and finds its sepulcher in divorce. * * *"
In the absence of a regular business partnership, and of a dissolution of the marriage relationship, there is no occasion to undertake to adjudicate the respective rights of the spouses to property in which both have an interest. See Clawson v. Clawson, Fla., 54 So.2d 161. Of course, no question of specific performance is even remotely involved.
So the desertion not having been proved the bill was properly dismissed. The subsequent order relative to the property is reversed.
Affirmed in part; reversed in part.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.

On Rehearing.
DREW, Justice.
The decree of the lower court appealed from found, inter alia:
"That the date of the desertion of the plaintiff by the defendant is clearly shown to have occurred on October 5, 1951, when she instituted an action in the Superior Court of New Jersey, Chancery Division, Essex County, No. M-702-51, at which time she clearly stated that her residence was New Jersey and not Florida where the plaintiff had established his residence.
"It appears to the court that the defendant after returning to New Jersey decided in her own mind that the defendant by taking Cortisone was not able to take care of his business affairs and that sometime after her return to New Jersey, she decided to protect her interests by staying there and that this feeling on her part was crystalized on October 5, 1951, when she instituted the action above referred to and it clearly shows that she intended to bring the marriage to a close on that date."
The Court decreed:
"That the defendant deserted the plaintiff and that such desertion was willful and obstinate but it does not appear by the preponderance of the evidence that the said desertion was continuous for a period of one year prior to the filing of the bill of complaint and, therefore, the plaintiff's prayer for divorce is hereby denied. That the prayer of the plaintiff for alimony to the defendant and property disposition is hereby denied."
The Court also decreed "that the plaintiff's bill of complaint be and it is hereby dismissed without prejudice to his right to institute such further action as he deems necessary." (Emphasis supplied).
Section 65.04, Fla.Stats. 1951, F.S.A., provides that "No divorce shall be granted unless one of the following facts *379 shall appear: * * * (7) Willful, obstinate and continued desertion of complainant by defendant for one year." (Emphasis added.) The statute contemplates and requires that the deserting shall be "willful, obstinate and continued" for one year and refers to such desertion as one fact, just the same as it does to the other eight grounds specified. In all cases where desertion is charged the determination of the time such desertion (actual or constructive) took place is necessary only for the purpose of ascertaining whether it has been "willful, obstinate and continued" for one year. All four factors must affirmatively be proven to establish the one fact. The failure to prove any single factor is fatal to proving the ground for divorce prescribed by law.
Therefore, when the lower court found that desertion had not been for the prescribed period of one year, it made a determination only that the plaintiff was not entitled to a divorce from the defendant. The decree entered "without prejudice" was not a final decree in the sense that it determined the merits of the action. Such a qualified dismissal in equity is not an adjudication of the merits of the subject matter in controversy nor a bar to a new suit on the same cause of action. See Epstein v. Ferst, 35 Fla. 498, 17 So. 414; Brown v. Brown, 167 Tenn. 567, 72 S.W.2d 557; Burton v. Burton, 58 Vt. 414, 5 A. 281; Note, 1944, 149 A.L.R. 553, 564. The finding as to the date such desertion occurred and that defendant deserted the plaintiff were purely gratuitous and binding on no one. The whole purpose of the inquiry was whether grounds for divorce existed  not whether one or more facts constituting such grounds existed.
We do not agree with appellee's contention on rehearing that the opinion of the court effects, under the authority of Stanton v. Stanton, Fla. 1952, 60 So.2d 273, a result that the Chancellor's recital in the instant case that the wife deserted the husband October 5, 1951, was binding on her and that she could not relitigate the question in a subsequent suit between the parties. In Stanton v. Stanton, supra, the ground for divorce in the first action was cruelty and the complaint sought, in addition to a divorce, custody of children and alimony. It was necessary to the determination of the question of alimony and support money for the children for the Court to determine who was at fault in the separation. Section 65.10, F.S. 1951, F.S.A. It was, therefore, necessary to the entry of a decree that such fact be determined. Under such circumstances, the parties to the litigation were precluded from re-litigating that same question, which was decided on the merits, in subsequent proceedings between them by virtue of the doctrine of estoppel by judgment.
As herein clarified the judgment in the original opinion is adhered to.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.