**Addie Beulah DUKES, Complainant-Cross Defendant,**

v.

**Oscar Lee DUKES, Defendant-Cross Complainant.**

Court of Appeals of Tennessee, Middle Section.

April 25, 1975.

Certiorari Denied by Supreme Court Aug. 25, 1975.

Mose J. Davie, Nashville, for complainant-cross defendant.

John L. Mitchell, Cunningham, Mitchell & Hicks, Clarksville, for defendant-cross complainant.

## OPINION

TODD, Judge.

The complainant-cross defendant, Addie Beulah Dukes, has appealed from the decree of the Trial Court dismissing her suit for divorce from bed and board and granting to the defendant-cross complainant, Oscar Lee Dukes, an absolute divorce.

The three assignments of error are as follows:

"The Appellant assigns as error, the action of the trial Court in overruling her Motion to dismiss the Cross-Bill, as follows:

1. That the Court abused its discretion in dismissing Appellant's Original Petition for Separate Maintenance.

2. That the Court abused its discretion in awarding the Appellee and Cross-Complainant a divorce on uncorroborated allegations.

3. That the Court erred in awarding the Appellee a divorce on grounds of cruel and inhuman treatment upon his admission that he had committed adultery during this marriage."

On October 8, 1973, appellant-wife filed her complaint based upon cruel and inhuman treatment and praying for a legal separation, support and division of property.

On November 19, 1973, appellee-husband filed his answer denying misconduct.

On January 30, 1974, appellee-husband filed his cross-bill charging misconduct with other men, physical attacks upon appellee, misuse of funds, and deliberate refusal to work in order to force appellee to support her (appellant-wife). The cross-bill prayed for an absolute divorce and division of property.

On February 26, 1974, in response to a motion of appellee, appellant-wife filed a bill of particulars reciting various episodes of marital violence, non-support, and requests for a divorce so that he (appellee) might marry one of his girl-friends.

On March 4, 1974, appellee-wife filed her answer to the cross-bill denying all misconduct alleged therein.

The briefs refer to an amendment of the original complaint to charge adultery, but no such pleading appears in the technical record. The memorandum opinion of the Trial Judge contains the following:

"This matter came on to be heard by the undersigned on April 25, 1974. At that time the attorney for complainant moved the Court for permission to include as grounds for divorce that the defendant had committed indignities to complainant's person, that he was guilty of adultery and that he had failed to support the complainant. The defendant and cross-complainant requested and was granted permission to amend his cross bill to show that the defendant was guilty of desertion."

The briefs also refer to a request for and finding of fact by the Trial Judge, which request does not appear in the record.

The memorandum opinion of the Trial Judge does recite a number of findings, viz.:

1. That appellee-husband contributed substantial sums for purchase of joint property which appellant-wife titled in her own name.

2. That appellant-wife forgave appellee-husband after each episode of violence and continued to live with him as man and wife.

3. That appellant-wife's testimony that she was unable to work was not credible.

4. That appellant-wife failed to prove the allegations of her original complaint or has condoned the same.

5. That appellant-wife failed to prove nonsupport or adultery.

6. That appellant-wife has been guilty of cruel and inhuman treatment such as to entitle appellee-husband to an absolute divorce.

The final decree dismissed the suit of appellant-wife, granted an absolute divorce to appellee-husband, and made a division of property.

From the assignments of error, supra, it is seen that appellant makes no complaint as to the division of property, but only as to the refusal to award appellant-wife a legal separation and the award of absolute divorce to appellee-husband.

■ As to the first proposition, that the suit and prayer of appellant-wife for separation and support should have been sustained, appellant insists that the evidence shows non-support. Appellant did testify that she had received only $6,900.00 in thirteen years of marriage, and nothing "since last July." (The cause was heard on July 8, 1974.)

In contradiction of this testimony, appellee-husband testified that he had maintained a joint bank account with appellant until 1965 and thereafter he had supplied a monthly house payment until the date of trial and had contributed to the support of appellant at all times during their marriage. There is further evidence that appellee-husband supplied funds for purchase of property which appellant titled in her own name, and that appellant was a licensed practical nurse but refused to work without reasonable cause.

As to the other grounds of appellant's original complaint, the testimony of the parties is equally irreconcilable. The Trial Judge saw fit to accept the version of appellee-husband and to reject that of the appellant-wife. The cause was tried orally, and the Trial Judge had an opportunity to see the witnesses and hear them testify in person. Without equal opportunity to observe the witnesses, this Court is at great disadvantage in any effort to review the conclusions of the Trial Judge as to their credibility.

■ In *Newberry v. Newberry,* Tenn. App., 493 S.W.2d 99 (1972), it was held that the judgment of the Trial Judge as to the credibility of witnesses should not be overturned "unless the clear preponderance of the evidence is to the contrary." See also *Smith v. Smith,* 47 Tenn.App. 548, 339 S.W.2d 326 (1960).

Other decisions have expressed even stronger views as to the weight of the judgment of the Trial Judge as to credibility of witnesses. See *Weeks v. Summerlin,* 62 Tenn.App. 650, 466 S.W.2d 894 (1974); *Allen & Bean, Inc. v. Miller,* 61 Tenn.App. 373, 454 S.W.2d 367 (1970); *National Service Fire Ins. Co. v. Williams,* 61 Tenn.App. 362, 454 S.W.2d 362 (1969) and authorities cited therein.

The first assignment of error is respectfully overruled.

The second and third assignments complain of the granting of a divorce upon the cross-complaint of appellee-husband. The second assignment is based upon the ground that the allegations of appellee-husband were uncorroborated.

T.C.A. § 36–813 is as follows:

"*36–813. Decree not made without proof.*—If the defendant admit the facts charged in the bill or petition and relied upon as the ground for a divorce, or the bill be taken for confessed, the court shall, nevertheless, before decreeing a divorce, hear proof of the facts alleged as aforesaid, and either dismiss the bill or petition or grant a divorce, as the justice of the case may require. [Code 1858, § 2459 (deriv. Acts 1835–1836, ch. 26, § 6); Shan., § 4212; mod. Code 1932, §) 8437.]"

In *Fulford v. Fulford,* 156 Tenn. 640, 4 S.W.2d 350 (1928), the Supreme Court affirmed the dismissal of a divorce suit for lack of corroboration of complainant's testimony, however the Court said:

(2) We do not intend to lay it down as an inflexible rule that under no circumstances shall a divorce be granted upon the uncorroborated testimony of one of the parties. A case may arise in which it would be impossible to procure corroboration, circumstantial or otherwise. In the case before us, however, the parties seem to have lived in a boarding house at New Orleans, and it does not appear that it would have been a matter of any great difficulty for the complainant to have procured evidence corroborating her own at least as to part of the essential particulars. We think this is a case for the application of the general rule.

"The decree below will accordingly be affirmed, but without prejudice to the rights of the complainant to bring another suit which she may be able to sustain with sufficient proof." 156 Tenn., p. 641, 4 S.W.2d, p. 350.

■ The statute, quoted supra, does not appear to require corroboration of the testimony of the successful party in a contested divorce case. Rather, it appears to require *some* evidence in *every* case, especially in uncontested cases where the divorce is granted by default or upon admitted facts.

The generally recognized rule requiring corroboration is a rule of policy enunciated by the courts and, as stated above, is not inflexible.

In the present case, it does appear that the testimony of the appellee-husband as to his grounds of divorce was largely uncorroborated. After testifying, himself, appellee offered three witnesses. The first, identified only as "Sergeant Marcias" testified only as to the good reputation of appellee and the violent temperament of appellant. In the latter respect, temperament, the witness did circumstantially corroborate the testimony of appellee.

The next witness for appellee, one Calvin Mason, also testified as to the good reputation of appellee and violent temperament of appellant.

The final witness for appellee was one Edward Todd, Jr., who testified only as to the good reputation of appellee.

■ It does not appear that the violent altercations between the parties were witnessed by anyone who could corroborate the testimony of either party. The witnesses for appellant could only state their observation of her condition after the altercations. Thus, it appears that fault before and during the altercations must be allocated on the basis of credibility of the parties, and the case thereby falls within the exception to the general rule requiring corroboration.

Other elements of cruel and inhuman treatment include appellant's indiscreet conduct in "keeping a boarder" while appellee was away from home and permitting the boarder's clothing to remain in the clothes closet to be discovered by appellee. The evidence of this misconduct might have been corroborated by calling neighbors who saw the "boarder" on the premises, or by calling witnesses to view the clothes closet. However, the failure to do so is not deemed fatal to the divorce decree.

The duplicitous financial and property dealings of appellant also appear to have entered into the picture of cruel and inhuman conduct as found by the Trial Judge. Again, corroboration might have been available, but it was not shown to be available, and its absence should not invalidate the decree under the circumstances of this case.

The second assignment of error is respectfully overruled.

The third assignment relies upon an alleged admission of adultery by the appellee-husband to avoid the result of cruel and inhuman treatment by the appellant-wife as found by the court.

■ In *Canning v. Canning*, 59 Tenn. App. 678, 443 S.W.2d 502 (1968) this Court held that *admitted* adultery of the husband was a complete bar to his right to a divorce on the ground of cruel and inhuman treatment. In that case the opinion of this Court states:

"On cross examination complainant admitted that he had known Jean Lovett since about 1950, and that he and Jean Lovett were living together as man and wife in Memphis, Tennessee, and that they had bought the property as husband and wife; that he later conveyed to her his interest in the property using the name Jean L. Canning; that he listed her as an exemption on his income tax return as his wife and that he was living with her at the time of the trial. Also he admitted that he had been going out with the said Jean Lovett even before he separated from his wife in 1951 and that after the separation they shared an apartment in New York and that she came to Memphis with him in 1957 and that they had lived together in Memphis since 1957." 59 Tenn.App., pp. 684, 685, 443 S.W.2d, p. 505.

Thus it is seen that the adultery of Mr. Canning was admitted by him under oath during the trial in unequivocal terms. Such an admission under oath by a party had been held to be conclusive. See *Harvey v. Wheeler,* 57 Tenn.App. 642, 423 S.W.2d 283 (1967); *Wagner v. Niven,* 46 Tenn.App. 581, 332 S.W.2d 511 (1959).

In the present case, however, there was no sworn admission of adultery. There was merely evidence that appellee-husband had written a letter to appellant stating that he had "an infection." Appellee admitted writing the letter, but insisted that it was written in jest, that a correcting letter was promptly dispatched and that he had never been guilty of adultery. Thus, there was no admitted adultery of appellee, indeed it was denied; and in his memorandum, supra, the Trial Judge resolved this issue in favor of appellee. As previously indicated, this Court is not disposed to disturb the judgment of the Trial Judge as to the credibility of the parties.

The third assignment of error is respectfully overruled.

Each assignment of error has been carefully considered and overruled. The entire record has been reviewed with the resulting conclusion that the action of the Trial Judge was correct. The record does not present the strongest case in favor of the appellee-husband, but it does present strong reasons why the marriage of these parties should be dissolved. Their married life has clearly been a period of constant turmoil and successive altercations. The evidence does not preponderate against the decree of the Trial Judge which must be affirmed. T.C.A. § 27–303.

The decree of the Trial Judge is affirmed. The costs of this appeal are adjudged against appellant. The cause is remanded for any proceedings which may be necessary and proper in the implementation of the decree.

Affirmed and remanded.

SHRIVER, P. J., and DROWOTA, J., concur.