

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-014-CR

ANTONIO CUEVAS          APPELLANT

V.

THE STATE OF TEXAS          STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Antonio Cuevas appeals his conviction and thirteen year sentence for robbery. In a single point, Cuevas argues that the trial court erred by conducting voir dire when he was not present, in violation of Article 33 of the

---

[1] *See* Tex. R. App. P. 47.4.

Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 2006). We affirm.

### Background and Procedural Facts

Because Cuevas does not challenge the sufficiency of the evidence, we will recite only as much of the record as necessary to put his complaints into context. We will examine the record in greater detail in connection with Cuevas's point of error.

The record shows that Cuevas devised a plan to send two of his friends, Dustin Shea and Raymond Greenwell, to rob the victim. The victim was Mr. Tierce, an estranged boyfriend and roommate of one of Cuevas's female friends, Sabra Underwood. Cuevas drove Shea and Greenwell to a location near Tierce's home. The two men entered the house, one struck Tierce, and they both tied up Tierce and the estranged girlfriend, Sabra. Shea forced Tierce to ingest an Ecstasy pill; Cuevas had previously given him the pill and instructed him to use it on Tierce. Shea and Greenwell proceeded to steal guns and laptops from the house. Both Shea and Greenwell fled, but the police quickly caught them. The two men implicated Cuevas in the robbery. Later, Cuevas was indicted for the crime.

Cuevas's trial started on December 10, 2007, with jury selection in an afternoon session. Several of the venire panel members had also participated

2

in a morning session of voir dire conducted by the same prosecutor; however, that session concerned an unrelated case and a different defendant. Cuevas's counsel also attended the morning session. At the beginning of the voir dire for the Cuevas case, Cuevas's attorney objected and stated that the majority of the panel had been examined outside the presence of the accused and not on the record of Cuevas's case. He added that his client had a right to have the answers to the previous voir dire on the record. The trial court overruled this objection and the proceeding continued. Both the State and Cuevas conducted a complete voir dire on the afternoon panel. The trial proceeded, and the jury ultimately returned a verdict of guilty of robbery. The trial court sentenced Cuevas to thirteen years' imprisonment and a $10,000 fine. Cuevas appeals this judgment.

**Discussion**

In his sole point, Cuevas argues that the trial court erred by conducting voir dire outside his presence, in violation of Article 33.03 of the Texas Code of Criminal Procedure. Article 33.03 states, "In all prosecutions for felonies, the defendant must be personally present at the trial . . . ." *See Adanandus v. State*, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993), *cert. denied*, 510 U.S. 1215 (1994) (discussing Tex. Code Crim. Proc. Ann. art. 33.03.) Cuevas argues both his absence at the voir dire of another defendant and the

3

opportunity for the prosecutor to develop a relationship with the jurors outside the presence of Cuevas constitute harmful error.

This court has rejected the identical argument in *Ballard v. State* and *Lain v. State*. *See Ballard v. State*, No. 02-07-00027, 2008 WL 204270, at *1 (Tex. App.—Fort. Worth Jan. 24, 2008, no pet. (mem. op, not designated for publication); *Lain v. State*, No. 02-06-00325-CR, 2007 WL 2331017 at *3 (Tex. App.—Fort Worth Aug. 16, 2007, no pet. (mem. op., not designated for publication). This court does not agree with the argument that a previous, unrelated voir dire involving the same prosecutor and many of the same venire panel members is the equivalent of a voir dire in Cuevas's case. *Ballard*, 2008 WL 204270, at *1; *Lain*, 2007 WL 2331017, at *3. In both *Ballard* and *Lain*, despite a venire panel composed of several persons from the earlier morning session, both appellants were able to voir dire the entire panel for their respective trials. *Ballard*, 2008 WL 204270, at *1; *Lain*, 2007 WL 2331017, at *1. In Cuevas's trial, he had the opportunity to voir dire the entire panel, examining both the morning session panel and new panel members.

Cuevas relies on *Bledsoe v. State* to argue that he suffered similar harm from his absence from the other case's voir dire session. The *Bledsoe* case is not based on similar facts to this case because it involved a defendant absent from the entirety of her trial's voir dire examination. *Bledsoe v. State*, 936

4

S.W.2d 350, 351 (Tex. App.—El Paso 1996, no pet.). The court found harm in that case because the defendant was never able to have face-to-face interaction with the potential jurors and could not assist counsel in observing the venire panel. *Id.* at 352. In this case, Cuevas was present with his counsel for the entire voir dire examination for his respective trial, and he was able to view each panel member face to face.

Even if Cuevas were successful in proving that he was actually absent from the relevant voir dire, we would nevertheless overrule his point because any deviation from article 33.03's requirements was remedied. According to *Adanandus*, an appellant's absence can be "undone" by a re-examination in the appellant's presence of those venire persons who were examined in his absence. *Adanandus*, 866 S.W.2d at 217. In this case, Cuevas was able to fully voir dire everyone from the morning session: thus, the requirements of article 33.03 were met. We therefore overrule his sole point.

## Conclusion

Having overruled Cuevas's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL:    GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

5

DELIVERED: October 9, 2008