IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2019

## SUSAN LYNN SLAGLE v. ROBERT WAYNE SLAGLE

**Appeal from the Probate and Family Court for Cumberland County**
**No. 2018-PF-6246     Larry M. Warner, Judge**

_____

### No. E2018-01633-COA-R3-CV

_____

Plaintiff Susan Lynn Slagle (Wife) filed this divorce action in May of 2018. Defendant Robert Wayne Slagle (Husband) did not file an answer or other responsive pleading. Wife moved for a default judgment. A hearing was set for August 2, 2018. Husband appeared pro se at the hearing, still having filed nothing with the trial court. The trial court, without hearing any proof, granted Wife a default judgment on the ground of inappropriate marital conduct. Shortly thereafter, the trial court entered its final judgment dividing the marital property. Husband filed a Tenn. R. Civ. P. 60.02(1) motion for relief, asking the trial court to set aside the judgment. The trial court denied Husband's motion. On appeal, we hold that Tenn. Code Ann. § 36-4-114 (2017) requires a trial court to hear proof of the facts alleged before granting a divorce on any ground other than irreconcilable differences, in the absence of a valid stipulation between the parties. Because the trial court did not in this case, we vacate the judgment and remand for a trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate and Family Court Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Cynthia Fields Davis, Crossville, Tennessee, for the appellant, Robert Wayne Slagle.

Kevin R. Bryant, Crossville, Tennessee, for the appellee, Susan Lynn Slagle.

-1-

In support of his Rule 60.02 motion,[1] Husband submitted a one-page affidavit that states, in pertinent part, as follows:

> That I appeared, pro se on August 2, 2018 for a hearing on the pending divorce action.
>
> At said hearing on August 2, 2018, I was not allowed to state my position nor testify.
>
> That neither I nor my wife were sworn in to testify during the hearing.

There is no transcript of the hearing. Wife does not deny or contradict husband's assertions that the trial court heard no proof at the hearing before granting wife a default judgment.

The trial court's final judgment states as follows in pertinent part:

> The Court affirmatively finds:
>
> 1. That the Defendant was properly before the Court.
>
> 2. That the charges contained in the Plaintiff's Complaint are true, the Defendant, has been guilty of such inappropriate marital conduct, as to render further cohabitation unsafe and improper and entitle the Plaintiff to a divorce pursuant to Tennessee Code Annotated § 36-4- 101(11).

Tenn. Code Ann. § 36-4-114 provides:

> If the defendant admits the facts charged in the bill or petition and relied upon as the ground for a divorce, or the bill is taken for confessed, the court shall, nevertheless, before decreeing a divorce, except a divorce on the ground of irreconcilable differences, hear proof of the facts alleged as aforementioned, and either dismiss the bill or petition or grant a divorce, as the justice of the case may require.

---

[1] Because defendant's motion was filed less than 30 days after entry of the trial court's judgment, we construe defendant's motion as a Rule 59 motion.

Tennessee courts, construing this statute, have held that a trial court is without authority to enter a judgment of divorce on a ground other than irreconcilable differences, in the absence of a hearing where the trial court hears proof, or a valid stipulation for grounds pursuant to Tenn. Code Ann. § 36-4-129. *Hyneman v. Hyneman*, 152 S.W.3d 549, 550 (Tenn. Ct. App. 2003) ("absent a mutual stipulation agreed upon by the parties, ... the trial court must conduct a hearing prior to entering a final decree of divorce."); *Stutz v. Stutz*, No. E2004-01399-COA-R3-CV, 2005 WL 2016828, at *16 (Tenn. Ct. App., filed Aug. 23, 2005) ("Because there was neither a stipulation to nor proof as to grounds for divorce, the trial court had no authority under Tenn. Code. Ann. § 36-4-129 to grant a divorce to the parties"); *McCarter v. McCarter*, No. 03A01-9606-CV-000196, 1996 WL 625798, at *2 (Tenn. Ct. App., filed Oct. 30, 1996) ("We hold it to be reversible error to award a divorce by a judgment on the pleadings even if coupled with the evidence taken at the pendente lite hearing"); *Warren v. Warren*, 731 S.W.2d 908, 910 (Tenn. Ct. App. 1985) ("compliance with the statute is a pre-requisite to a valid divorce"). This Court has observed that the proof need not necessarily be strong, *Mayfield v. Mayfield*, No. C.A. 111, 1987 WL 17984, at *1 (Tenn. Ct. App., filed Oct. 7, 1987) ("while the proof is weak indeed, we think it sufficient to sustain the divorce" under section 36-4-114), nor is it required to be corroborated. *Dukes v. Dukes*, 528 S.W. 2d 43, 46 (Tenn. Ct. App. 1975). But, as *Dukes* recognized, Tenn. Code Ann. § 36-4-114 "appears to require *some* evidence in *every* case, especially in uncontested cases where the divorce is granted by default or upon admitted facts." *Id.* (emphasis in original).

If the trial court had heard evidence, then its decision to grant wife a default judgment would have been discretionary, as wife argues. This is what happened in *Farley v. Farley*, No. M2010-01120-COA-R3-CV, 2010 WL 5312722 (Tenn. Ct. App., filed Dec. 17, 2010). In *Farley*, the husband failed to file an answer to the wife's divorce complaint and then appeared at the default judgment hearing. *Id.* at *1. Then, "Wife and other witnesses testified at the hearing in the presence of Husband." *Id.* The trial court in *Farley* granted wife a default judgment, husband appealed, and we affirmed. The difference between the present case and *Farley* is the absence of any proof heard by the trial court in this case. Here, the requirement of Tenn. Code Ann. § 36-4-114 has not been satisfied.[2]

---

[2] In his brief, husband says, "this is a case in which this Court can 'soldier on' despite the absence of detailed findings of fact" and "this Court should elect to proceed and make [its] own determinations regarding where the preponderance of evidence lies as necessary." We disagree. There is no evidence in the record to evaluate. Were we to accept husband's suggestion, the requirement of Tenn. Code Ann. § 36-4-114 still would not be met.

The judgment of the trial court is vacated, and the case remanded for a hearing required by statute.  Costs on appeal are assessed equally between the appellant, Robert Wayne Slagle, and appellee, Susan Lynn Slagle.


_____
CHARLES D. SUSANO, JR., JUDGE