392 P.2d 775

STATE of Arizona, Appellant,

v.

David L. BIRMINGHAM and
Myron Bradley, Appellees.

No. 7918.

Supreme Court of Arizona.

En Banc.

June 4, 1964.

**110**

Robert W. Pickrell, The Atty. Gen., Rad L. Vucichevich, Asst. Atty. Gen., Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellees.

STRUCKMEYER, Justice.

■ Appellees have petitioned this Court for a rehearing limited to the procedural aspect of this Court's decision, 95 Ariz. 310, 390 P.2d 103. In our decision, we held that the statute A.R.S. § 12–2101 providing when an appeal may be taken to this Court was substantive and controlled over the provisions of the procedural Rule 58(a), Rules of Civil Procedure, 16 A.R.S. We now are of the opinion that while the right to appeal is substantive the manner in which the right may be exercised is subject to control through the use of procedural rules.

■ Uniformly, the substantive law is that part of the law which creates, defines and regulates rights; whereas the adjective, remedial or procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion. It is often said the adjective law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective. Roberts v. Love, 231 Ark. 886, 333 S.W.2d 897, 901; Thiele v. City and County of Denver, 135 Colo. 442, 312 P.2d 786, 793; Allen v. Bailey, 91 Colo. 260, 14 P.2d 1087, 1091; Mix v. Board of Com'rs of Nez Perce County, 18 Idaho 695, 112 P. 215, 220, 32 L.R.A.,N.S., 534; State ex rel. Blood v.

Gibson Circuit Court, 239 Ind. 394, 157 N.E. 2d 475, 478; Manuel v. Carolina Cas. Ins. Co., La.App., 136 So.2d 275, 277; State v. Williams, 216 La. 419, 43 So.2d 780, 781; Meagher v. Kavli, 251 Minn. 477, 88 N.W.2d 871, 879, 880; Anderson v. Twin City Rapid Transit Co., 250 Minn. 167, 84 N.W.2d 593, 604; Ambrose v. State Department of Public Health and Welfare, Mo.App., 319 S.W. 2d 271, 274; Maurizi v. Western Coal & Mining Co., 321 Mo. 378, 11 S.W.2d 268, 272; Spencer Kellogg & Sons, Inc. v. Lobban, 204 Tenn. 79, 315 S.W.2d 514, 518; State for Use of Smith v. McConnell, 156 Tenn. 523, 3 S.W.2d 161, 162; Petty v. Clark, 113 Utah 205, 192 P.2d 589, 593; Occidental Life Ins. Co. of California v. Kielhorn, D.C.Mich., 98 F.Supp. 288, 292, 293; Boyd v. Bell, D.C.N.Y., 64 F.Supp. 22, 24.

A right to appeal is part of the substantive law of the state. It can only be given or denied by constitution or the legislature of the state. By A.R.S. § 12–2101, the legislature has designated those instances in which a right of appeal from the superior court exists.

"§ 12–2101. Judgments and orders which may be appealed

"A. An appeal may be taken to the supreme court from the superior court in the instances specified in this section."

It should be noticed that A.R.S. § 12–2101 permits an appeal, as for example, "From a final *judgment* entered in an action or special proceeding commenced in a superior court, * * *" (subsection B); "From any *special order* made after final judgment" (subsection C); "From a *judgment or order:* Granting or refusing to grant * * letters testamentary * * *" (subsection J, par. 1); "From an *order or judgment:* Adjudging a person insane or incompetent, * * *" (subsection K, par. 1) (Emphases supplied.) In every instance where an appeal is permitted it is from an act of the superior court which finally disposes of or settles ultimate rights.

The legislature has used in A.R.S. § 12–2101 the words "order" and "judgment" as cognates, that is, closely allied in meaning in the sense of a final disposition of a litigant's rights and not as a command, directive or decision on an intermediate point which does not dispose of the principal issue or issues in the cause. Cf. Halbert v. Alford, Tex., 16 S.W. 814. The word "order" is synonymous with the words "judgment" and "decree".

This Court, in 1939, was specifically empowered by statute, A.R.S. § 12–109, and then by the constitutional amendment of November 8, 1960, to make rules relative to all procedural matters for courts within the State of Arizona. Constitution of Arizona, article 6, section 5, as amended; and see

Heat Pump Equipment Co. v. Glen Alden Corp., 93 Ariz. 361, 380 P.2d 1016.

■ Rule 54(a), adopted in 1939, provides that the term "judgment" as used in the Civil Rules of Procedure includes decrees and orders from which an appeal lies. The word "judgment" itself is commonly understood to mean the act of a court which fixes clearly the rights and liabilities of the respective parties to litigation and determines the controversy at hand. Cf. Solana Land Co. v. Murphey, 69 Ariz. 117, 122, 210 P.2d 593. Rule 54(a) recognizes that the various decrees and orders made by a superior court under the union of law and equity practice are in fact judgments if settling the rights of litigants to the extent that an appeal lies.

On July 14, 1961, this Court, in an effort to provide uniformity and to remove uncertainty as to the time when an order, decree or judgment procedurally becomes effective, adopted Rule 58(a). See State Bar Committee notes to Rule 58(a) as amended, 16 A.R.S., Cumulative Pocket Part 1963, page 56.

"58(a) Entry. All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for taxing costs."

■ By this rule, the orders and judgments made appealable in A.R.S. § 12–2101 become effective when in writing, signed by a judge or court commissioner and filed with the clerk of the court. Rule 58(a) procedurally establishes what acts of the superior court are necessary—the manner in which the superior court must act—to create an effective and hence appealable order, decree or judgment. This is purely and solely procedural and neither diminishes nor augments the substantive right of appeal given by the legislature. It is our conclusion, therefore, that in all those instances specified as appealable in A.R.S. § 12–2101 no order of the superior court is effective until the action taken complies with the directions prescribed in Rule 58(a).

■ It should be emphasized that categorically orders of the superior court fall in two classes. First, those intermediate orders which by their nature do not settle the ultimate rights of the parties and from which no appeal is allowed. As to these, they need not be in writing or signed in order to be effective. Second, those orders, decrees or judgments, by whatever name they may be called, which to be effective and hence appealable must take the form of a judgment as set forth in Rule 58(a).

In the present case, the superior court entered this minute entry order:

"In accordance with memorandum opinion filed this date order the temporary restraining order issued herein will be permanent."

This direction plainly does not qualify as a judgment within the provisions of Rule 58(a).

In our former decision in this cause, we construed as constitutional the statute A.R.S. § 28–451 and declared under what circumstances an automobile driver's license was subject to suspension. In the light of the public importance of that question and that it be settled, we will not now order this appeal dismissed but adopt here as our conclusions all those portions of that decision except those relating to the construction of Rule 58(a).

We wish to note our indebtedness to counsel Amicus Curiae, Mr. Charles L. Hardy, for an excellent brief and its valuable assistance to the court in our consideration of this matter.

In accordance with the pronouncements of our former decision, the court below is ordered to dissolve the temporary restraining order.

UDALL, C. J., LOCKWOOD, V. C. J., and BERNSTEIN and JENNINGS, JJ., concur.