435 P.2d 44

**Joseph T. O'BRIEN, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, IN AND FOR MARICOPA COUNTY, and Robert L. Myers, Judge Thereof, Respondents,**

**William G. Pearson, Jr., and Valley National Bank of Arizona, Real Parties in Interest.**

**No. 8997.**

Supreme Court of Arizona.

In Banc.

Dec. 13, 1967.

Herbert Mallamo, Phoenix, for petitioner.

Jack C. Cavness, George Sorenson, John W. Rood, Phoenix, for respondents and real parties in interest.

PER CURIAM.

This case came to us on April 27, 1967 on the application of Joseph T. O'Brien for a Writ of Certiorari; Mandamus or Prohibition. On May 10, 1967, we entered an order granting an Alternative Writ of Mandamus. Buell v. Superior Court of Maricopa County, 96 Ariz. 62, 391 P.2d 919 (1964). We stayed all further proceedings in the Superior Court of Maricopa County in Causes numbered P-69492 and P-69493 on May 18, 1967, except the appointment of Joseph T. O'Brien, pending this court's final determination of the Alternative Writ.

The pertinent facts follow. Caroline B. O'Brien died intestate leaving an estate valued at approximately $800,000.[1] Her son Joseph T. O'Brien, a licensed Arizona attorney, filed for Letters of Administration. The Valley National Bank of Phoenix, acting as the nominee of Caroline B. O'Brien's two minor adopted sons also filed for Letters of Administration, and objected to the petition of Joseph T. O'Brien.

After consolidating the two petitions the trial court considered the motions and evidence presented by the parties, and made a minute entry denying Joseph T. O'Brien's petition and appointing the Valley National Bank as administrator of the estate. The court's minute entry stated:

"On the basis of the evidence before the Court, *The Court finds that it is in*

[1]. Decedent left a last will and testament presented for probate by Joseph T. O'Brien, which was contested. The jury found that the will was the result of the undue influence of Joseph T. O'Brien.

*the best interest of all of the parties interested in the estate of the deceased that the 'Valley National Bank of Arizona be appointed as administrator of the estate of the deceased, and that the said bank is in all ways qualified to act as such administrator.*

"IT IS ORDERED that the Objection of Joseph T. O'Brien to the Petition of the Valley National Bank for appointment of administrator are denied, and that the Valley National Bank of Arizona is appointed as administrator of the estate of the deceased, and that Letters of Administration issue to it upon its taking the oath required by law and without bond.

"FURTHER ORDERED that the Petition of Joseph T. O'Brien for Letters of Administration be denied." (Emphasis added.)

No other findings of fact or conclusions of law were made by the trial court. Although Rule 52(a) of the Rules of Civil Procedure, 16 A.R.S., only requires that the trial court make findings of fact and conclusions of law when the parties make a timely request for them, Lenslite Co. v. Zocher, 95 Ariz. 208, 388 P.2d 421 (1964); Valley National Bank v. Shumway, 63 Ariz. 490, 163 P.2d 676 (1945), nevertheless there are instances when the trial court must make findings.

█ One of these instances is dictated by 6 A.R.S. § 14–418, which provides in part:

"A person is not competent to serve or to be appointed as administrator who is:

\*     \*     \*     \*     \*     \*

4. Adjudged by the court to be incompetent to execute the duties of the trust by reason of drunkenness, improvidence, want of understanding or integrity." (Emphasis added.)

None of the other sections of this particular statute require an adjudication by the court. For this reason we believe the legislature intended that, with regard to section 4, an *express* finding must be made by the court.

Although it is obvious that the trial court in this case made a minute entry, nevertheless the court did not make the required adjudication.

We now conclude that the Writ was improvidently granted. Since the trial court never entered a formal judgment or order it might well have complied with the statute by making the appropriate finding at any time before the final order was entered. Valley National Bank v. Shumway, supra. Yet since we ordered a stay of the proceedings the trial court was unable to make any findings. Instead, in its response to the Alternative Writ the court stated:

"\* \* \* JOSEPH T. O'BRIEN is not competent to serve or to be appointed as administrator of the estate of the deceased because of improvidence, want of understanding and integrity."

█ In State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964), we held that orders and judgments made appealable under 4 A.R.S. § 12–2101, only become effective and hence procedurally appealable when they are in writing, signed by a judge or court commissioner and filed with the clerk of the court.

█ 4 A.R.S. § 12–2101, subsec. J (1) makes a judgment or order granting or refusing Letters of Administration appealable. However, since the minute entry in the instant case did not meet the requirements set out in Birmingham, supra, it was not effective, and consequently no appeal could have been perfected.

█ Mandamus is only appropriate where the applicant has an immediate right to that which is demanded, Emery v. Superior Court of Maricopa County, 89 Ariz. 246, 360 P.2d 1025 (1961), and since the trial court has ample opportunity to comply with the provisions of 6 A.R.S. § 14–418 (4) before entering its final order, the applicant does not have an immediate right to be appointed as administrator.

Alternative Writ of Mandamus quashed.