# District Court of the Navajo Nation
Judicial District of Window Rock, Arizona

---

**Cornelia Sangster, Plaintiff,**
v.
**Navajo-Hopi Legal Services Program,**
**an Agency of the Navajo Nation, The Navajo Nation, Defendants.**
**Decided August 31, 1989**

---

## FINDINGS OF FACT, OPINION AND ORDER

John A. Chapela, Attorney, Law Office of Chapela, Window Rock, Arizona, for
the Plaintiff; William H. Doyle, Gregg A. Thurston, Attorneys, Crampton,
Woods, Broening & Oberg, Phoenix, Arizona, for the Defendants.

Judge Robert Yazzie Presiding.

Plaintiff Cornelia Sangster brought this legal malpractice action against defen-
dant Navajo-Hopi Legal Services Program (N.H.L.S.P.) claiming its attorney
negligently failed to file her complaint in a personal injury action (initial action)
until after the statute of limitations had expired. Plaintiff seeks compensation for
the damages she would have received had the N.H.L.S.P. attorney properly filed
the complaint. N.H.L.S.P. seeks to dismiss the case claiming this court lacks
jurisdiction and this action is barred by the applicable statute of limitations.

## SUMMARY OF FACTS

Plaintiff was injured in a fall on October 3, 1982. She suffered complications
from the fall on October 25, 1982. In September 1984 the matter was referred to
the Navajo-Hopi Legal Services Program (N.H.L.S.P.). Their attorney filed a
complaint in Coconino County Superior Court on October 24, 1984. This was
after the applicable two year statute of limitations had run on the personal injury
claim. On November 5, 1984, the N.H.L.S.P. attorney notified Plaintiff that the
suit was filed after the statute of limitations had expired. The attorney also
informed Plaintiff she could pursue a possible malpractice action against
N.H.L.S.P. because of the late filing. N.H.L.S.P. then referred the matter to a pri-
vate attorney who filed a notice of voluntary dismissal, pursuant to Rule
41(a)(1), Arizona Rules of Civil Procedure, on March 17, 1986. The Superior
Court Judge entered an order of dismissal of the case on April 8, 1986.

Plaintiff notified the Navajo Nation of the alleged malpractice claim in an
attempt to settle with N.H.L.S.P. and their insurer. Plaintiff sent a demand letter
to Attorney General Michael Upshaw and later requested Assistant Attorney
General William Riordan's assistance in obtaining an Advisory Committee
Resolution authorizing the suit against the Navajo Nation (Mr. Riordan had been

assigned by the Attorney General to review the matter for possible resolution).

Mr. Riordan and Navajo Tribal Council Vice-Chairman Johnny R. Thompson, as Chairman of Advisory Committee, informed Plaintiff of the procedures for presenting a resolution before the Advisory Committee, but no resolution was ever presented. Plaintiff sent a notice letter to Mr. Upshaw and Navajo Tribal Council Chairman Peter MacDonald on February 17, 1988, apparently in an attempt to satisfy the notice requirements of the Navajo Nation Sovereign Immunity Act. The present suit was filed in the Window Rock District Court on March 19, 1988.

### Time Table of Significant Events

| | |
|---|---|
| October 03, 1982 | Plaintiff's initial accident occurs. |
| October 03, 1984 | Statute of Limitations expires (2 years). |
| October 24, 1984 | Personal injury complaint filed in Arizona Superior Court. |
| November 05, 1984 | Plaintiff informed of late filing in Arizona Court. |
| August 08, 1985 | Plaintiff's case referred to outside Attorney. |
| March 17, 1986 | Notice of voluntary dismissal filed by Plaintiff's attorney. |
| April 08, 1986 | Order of dismissal entered by Arizona Superior Court Judge. |

## ISSUES

(1) WHETHER PLAINTIFF FILED HER LEGAL MALPRACTICE COMPLAINT AFTER THE APPLICABLE TWO (2) YEAR STATUTE OF LIMITATIONS HAD EXPIRED?

(2) WHETHER THIS COURT LACKS JURISDICTION TO HEAR THIS MATTER UNDER THE NAVAJO NATION SOVEREIGN IMMUNITY ACT, BECAUSE;

(a) THE ADVISORY COMMITTEE FAILED TO APPROVE A RESOLUTION ALLOWING THIS SUIT, OR

(b) THE PLAINTIFF FAILED TO GIVE THE NAVAJO NATION THE REQUIRED NOTICE PRIOR TO COMMENCING THE PRESENT ACTION?

### I. STATUTE OF LIMITATIONS

This legal malpractice claim arose as a result of a late filing of a personal injury action in Arizona Superior Court. Normally, cases brought before this court should deal, as often as is practicable, with the statutory and common law of the Navajo Nation. However, the unique factual setting of this case presents a rare opportunity to apply state law in order to resolve the dispute. 7 N.T.C. section 204(c).

In order to determine if the two year statute of limitations for personal injury actions (in this case legal malpractice) bars this action, two criteria must be met. The first is that the plaintiff's injury (from the legal malpractice) must have arisen. *Long v. Buckley.*[1] The second is that the plaintiff must know, or should have known, the facts which underlie her cause of action (knowledge of the malpractice). *Id.* Once these requirements are met, the plaintiff's damages are rendered more certain and the plaintiff is on notice that a cause of action has accrued.

Both parties agree that the plaintiff's injury, as a result of the malpractice, arose when the underlying action was dismissed by the Arizona Superior Court. Their disagreement centers on when that action was effectively terminated. Plaintiff claims the key date was April 8, 1986, the date the court filed its order of dismissal; while the Navajo Nation maintains the termination occurred on March 17, 1986, the date the plaintiff's private counsel filed a voluntary notice of dismissal. Plaintiff contends that the April 8, 1986 order was a judgment under Ariz. R. Civ. Proc., Rule 54(a),[2] and for it to be effective it must be entered and signed by the court as required by Ariz. R. Civ. Proc., Rule 8(a).[3]

The Navajo Nation argues that Rule 54(a) and Rule 58(a) apply only if a judgment is entered following consideration on the merits. Here, the Navajo Nation argues that the complaint was never served on the initial personal injury defendants. Therefore, Rule 54(a) and Rule 58(a) are inapplicable. This court agrees with the Navajo Nation. This court therefore finds that Rule 41(a)(1) is the Rule which applies in determining when the initial case terminated.

The plain meaning of Ariz. R. Civ. Proc., Rule 41(a)(1)[4] shows that the March 17, 1986 filing of the notice of dismissal terminated the initial case. The Plaintiff cannot appeal her voluntary dismissal unless the court imposes conditions on her withdrawal[5] (which is only allowed under Rule 41(a)(2)). Nor can the defendant appeal the decision, *see, American Cyanamid Co. v. McGee,* 317 F. 2d 295, 297 (5th Cir. 1963) (Fed. R. Civ. P. 41(a)(1)). Further action by the Court, *Scam Instrument Corp. v. Control Data Corp.,* 458 F. 2d 885 (7th Cir. 1972) (same rule), or the terminology of the pleading as a motion to dismiss, *Sanchez v. Vaughn Corp.* 282 F. Supp. 505, 507 (D. Mass. 1968) (same rule), have been held not to disturb the effect of terminating the suit on filing the voluntary notice of dismissal.Therefore, the order is not appealable and no signing or entry of judgment is required by the court under Ariz. R. Civ. P. 58(a).[6] The plaintiff's malpractice action is barred by the two year statute of limitations under this analysis.

---

1. 179 Ariz. 141, 629 P.2d 557 (Ct. App. 1981).

2. "All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry...." 16 A.R.S., Rules of Civ. Proc., Rule 58(a).

3. "'Judgment' as used in these Rules includes a decree and an order from which an appeal lies." 16 A.R.S., Rules of Civ. Proc., Rule 54(a).

4. [A]n action *may be dismissed* by the plaintiff without order of the court by filing a notice of dismissal...." 16 A.R.S., Rules of Civ. Proc., Rule 41(a)(1) (emphasis added).

5. *See, R.L. Harris & Co. v. Hoock,* 22 Ariz. 340, 197 P. 575 (1921).

6. *See, State v. Birmingham,* 96 Ariz. 109, 392 P.2d 775 (1964) (En Banc).

However, this court finds that the plaintiff's malpractice cause of action arose even earlier. The N.H.L.S.P. attorney notified her of a possible malpractice cause of action on November 5, 1984. The plaintiff was advised of the facts underlying her cause of action for malpractice (the late filing of the suit in Arizona Court) and she was advised of the possible malpractice suit against N.H.L.S.P by the N.H.L.S.P. attorney on November 5, 1984. The statute of limitations had expired the previous month. The voluntary dismissal, whether in March or April, in no way affected her cause of action which accrued in November, 1984. In the underlying case, the dismissal was without prejudice and the action could be brought again. There is little doubt that if it were brought now it would not succeed, but that was known to plaintiff in November, 1984.

It is the determination of this court that the plaintiff's damages were reasonably known when the first statute of limitations expired on October 3, 1984. The court also finds the plaintiff had notice of the facts underlying her cause of action on November 5, 1984. The present legal malpractice action was filed on March 19, 1988, after the applicable statute of limitatons had expired. Therefore, this action must be dismissed.

## II. JURISDICTION

Irrespective of the application of the statute of limitations, the Plaintiff's suit must still fail for lack of jurisdiction under the Navajo Nation Sovereign Immunity Act.

### A. NOTICE

The Plaintiff claims that the letter she sent the Navajo Nation satisfied the notice requirements of the Navajo Sovereign Immunity Act. She maintains that her letter of February 17, 1988 substantially satisfied the notice requirements of 1 N.T.C. section 355 and that the Navajo Nation had actual notice of her claim from her demand letter of September 18, 1987. She does not address why the notice documents were not filed with the court except to say the Navajo Nation, through its conduct, should be held estopped from raising inadequate notice as a bar.

Although the Navajo Nation disputes the notice it received was adequate regarding the nature of the claim and the claimants, the court finds the plaintiff's February 18, 1988 letter substantially complied with 1 N.T.C. Section 355 (c). However, plaintiff failed to comply with the filing procedures of 1 N.T.C. Section 355(b) and the court can find no reason to lay the blame for this omission on the Navajo Nation rather than the plaintiff. Thus, the plaintiff has not satisfied the jurisdictional requirements under 1 N.T.C. Section 355(a).

The defendant Navajo-Hopi Legal Services Program is within the executive branch of the Navajo Nation, 2 N.T.C. Section 2007, and it is protected by the Navajo Nation Sovereign Immunity Act, 1 N.T.C. Section 352(8). Because the requirement that the notice documents be filed with the court thirty days before

institution of this suit is jurisdictional, the court is forced to dismiss the case for lack of jurisdiction over the defendant.

## B. ADVISORY COMMITTEE RESOLUTION

Plaintiff argues that defendant has waived the Act's explicit requirement that the Advisory Committee authorize suit against Navajo Nation attorneys through inequitable conduct. Plaintiff cites 2 N.T.C. Section 1963 as creating a duty in the Attorney General to draft and submit the proposed resolution allowing the plaintiff to sue Navajo Nation attorneys for malpractice to the Advisory Committee. She alleges that the Attorney General has refused to carry out this obligation. She appeals to the court's equitable discretion to bar the Navajo Nation from raising 1 N.T.C. Section 354 (g) as a jurisdictional prerequisite to plaintiff's suit because of the Attorney General's refusal to draft, sign and submit the proposed resolution to the Advisory Committee.

The plaintiff's assertion that the Attorney General has a duty to assist with the preparation of the proposed Advisory Committee resolution allowing suit against its own attorneys is misconceived. The plaintiff has the responsibility to initiate and proceed through the resolution process. The governmental agency assigned to assist in that process is the Office of Legislative Affairs, 2 N.T.C. Section 1054(b)(5). The plaintiff failed to take any action. The facts indicate that the Attorney General did not refuse to sign a proposed resolution (none was ever filed), but only refused to assist the plaintiff in the drafting and submission process. It might even have been inappropriate for the Attorney General and the Assistant Attorney General to assist plaintiff in suing Navajo Nation attorneys (N.H.L.S.P. is an agency of Navajo Department of Justice). The communications between plaintiff's attorney and Vice Chairman Johnny R. Thompson on the resolution process alerted plaintiff to her duties and she not only failed to act in a timely manner, but failed to act on the resolution at all. Thus, plaintiff has failed to satisfy the jurisdictional requirements and has no equitable basis to assert that the requirements be waived. Therefore, the case must be dismissed for lack of jurisdiction.

## III. CONCLUSION

The court holds that plaintiff's suit is independently barred by the two year statute of limitations for personal injury actions and that this action also must be dismissed for lack of jurisdiction under the Navajo Nation Sovereign Immunity Act.

## IV. ORDER

It is hereby ORDERED that Plaintiff's complaint against defendants is DISMISSED with prejudice pursuant to the reasons given above.