SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| HAYWOOD SECURITIES, INC., | ) | Arizona Supreme Court |
| | ) | No. CV-06-0280-SA |
| Petitioner, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CV 05-0457 |
| HONS. SUSAN A. EHRLICH, DANIEL A. | ) | |
| BARKER, and G. MURRAY SNOW, | ) | Maricopa County |
| JUDGES OF THE COURT OF APPEALS, | ) | Superior Court |
| DIVISION ONE, OF THE STATE OF | ) | No. CV2002-022196 |
| ARIZONA, | ) | |
| | ) | |
| Respondent Judges, | ) | |
| | ) | **O P I N I O N** |
| PETER J. WORKUM and JOANNE E. | ) | |
| WORKUM, | ) | |
| | ) | |
| Real Parties in Interest. | ) | |
| | ) | |
| _____ | ) | |

Order of the Court of Appeals, Division One
Dated March 10, 2006

**JURISDICTION ACCEPTED; RELIEF GRANTED; ORDER VACATED; REMANDED**

_____

GALLAGHER & KENNEDY, P.A.                                          Phoenix
        By   Kevin E. O'Malley
             Mark A. Fuller
Attorneys for Haywood Securities, Inc.

LAW OFFICE OF LINDA D. SKON                                          Mesa
        By   Linda D. Skon
Attorney for Peter J. Workum and Joanne E. Workum

_____

**R Y A N**, Justice

¶1     A judgment is appealable under Arizona Revised Statutes ("A.R.S.") section 12-2101 (2003) only if it complies with the requirements of Arizona Rule of Civil Procedure 58(a).

*State v. Birmingham*, 96 Ariz. 109, 112, 392 P.2d 775, 777 (1964). Rule 58(a) requires that "all judgments shall be in writing and signed by a judge."

¶2     In this case, we must decide whether a typed signature of a judge in the "/s/ *Name*" format on an electronically filed judgment complies with the requirement of Rule 58(a) that judgments be "signed." We hold that it does.

**I**

**A**

¶3     At issue is the validity of two judgments dismissing claims brought by Peter and Joanne Workum against Haywood Securities, Inc., a Canadian company. After Haywood moved to dismiss, the superior court issued a "Judgment" on July 17, 2004, dismissing the Workums' claims against Haywood with prejudice based on a forum selection clause providing that legal disputes must be resolved in British Columbia. The Workums did not appeal. Instead, on August 16, 2004, they filed an amended complaint in which they attempted to reassert claims against Haywood. The superior court again dismissed all claims against Haywood in a second "Judgment" on May 26, 2005, once again citing the forum selection clause.

¶4     This case had been assigned to the Maricopa County Superior Court's Experimental Complex Civil Litigation Court. *See* Ariz. Sup. Ct. Admin. Order No. 2002-107. In accordance

2

with the procedures established for the Complex Civil Litigation Court, the superior court judge issued both the July 17 and May 26 judgments electronically, with "/s/ *Kenneth L. Fields*" appearing on the signature line. The title "Superior Court Judge" appears below the signature line. All parties in this case initially treated both judgments as validly signed final judgments.

B

¶5        The Workums timely appealed the May 26 judgment. The court of appeals denied Haywood's motion to dismiss the appeal, but held that the unappealed July 17 judgment was a final judgment and that the Workums' appeal from the May 26 judgment could proceed only as to issues that could not have been raised on appeal from the July 17 judgment. The Workums then filed a "Request for Determination of Jurisdiction," and the court of appeals reversed itself, holding that neither the July 17 nor the May 26 judgment was final because neither was manually "signed." The court of appeals suspended the appeal and revested jurisdiction in the superior court so the judge could manually sign the two judgments; the court indicated that it would reinstate the appeal once it received the signed judgments. Haywood then filed this petition for special action.

C

¶6        Special action review by this Court is discretionary.

3

*State v. Minnitt*, 203 Ariz. 431, 437, ¶ 24, 55 P.3d 774, 780 (2002). We accept jurisdiction because this is a matter of first impression, concerns a pure question of law, and is of statewide significance. *See Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 252, ¶ 3, 63 P.3d 282, 283 (2003). Moreover, this situation is likely to recur in cases that proceed under electronic filing and case management systems. Under such circumstances, we conclude that special action review is appropriate. *See* Ariz. R.P. Spec. Act. 1(a).

**¶7** We have jurisdiction under Article 6, Section 5(3), of the Arizona Constitution and Rule 4(a), of the Arizona Rules of Procedure for Special Actions.

**II**

**A**

**¶8** The portion of the court of appeals' order holding that electronic signatures do not satisfy the requirements of Rule 58(a) provides as follows:

> Pursuant to Rule 58(a), Arizona Rules of Civil Procedure, a judgment is not final for appeal purposes unless it is in writing, signed by a judge or commissioner, and filed with the clerk of the court. *See O'Brien v. Maricopa County Superior Court*, 102 Ariz. 570, 572, 435 P.2d 44, 46 (1967). The typed name of a judge does not fulfill this requirement. This court concludes that neither Arizona Supreme Court Rule 124 nor Arizona's Electronic Transactions Act, A.R.S. §§ 44-7001 *et seq.*, addresses or changes the requirements of Rule 58(a). Here, the parties agree that the judge has not manually signed any of

4

the judgments that are on appeal.  Therefore, this appeal is premature.

*Workum v. Raymond*, 1 CA-CV 05-0457, at 1-2 (order dated March 10, 2006).

**B**

¶9     The right to appeal "can only be given or denied by [the] constitution or the legislature of the state." *Birmingham*, 96 Ariz. at 111, 392 P.2d at 776.  The legislature has provided that an appeal lies from "a final judgment entered in . . . superior court."  A.R.S. § 12-2101(B).  Rule 54(a) in turn defines judgment as including "a decree and an order from which an appeal lies."  And Rule 58(a) requires that such a decree or order, to be appealable, must be reduced to writing, signed by a judge, and filed with the clerk of the court.  *See also Birmingham*, 96 Ariz. at 112, 392 P.2d at 777.  If a judge's decree or order complies with the requirements of Rules 54(a) and 58(a), then it is an appealable judgment.  *Id.*  The parties agree that these judgments meet the requirements of Rule 54(a). The only issue in this matter is whether an electronically signed judgment satisfies Rule 58(a).

**C**

¶10     Rules promulgated by this court are subject to general principles of statutory interpretation.  *State ex rel. Romley v. Superior Court*, 168 Ariz. 167, 168-69, 812 P.2d 985, 986-87

(1991).  When a rule's language is unambiguous, "we need look no further than that language to determine the drafters' intent." *Id*. at 169, 812 P.2d at 987.  "Such unambiguous language will be given its usual, ordinary meaning unless doing so creates an absurd result."  *State v. Aguilar*, 209 Ariz. 40, 47, ¶ 23, 97 P.3d 865, 872 (2004).

¶11      Rule 58(a) was amended in 1961 to require that final judgments be "in writing and signed by a judge."  Ariz. R. Civ. P. 58 (a), State Bar Comm. Notes to 1961 Amendment.  The phrase "signed by a judge" is not defined in Rule 58(a) or elsewhere in the rules; therefore we look to the usual, ordinary meaning of the word "signed" to interpret the rule.  *See Aguilar*, 209 Ariz. at 47, ¶ 23, 97 P.3d at 872.

¶12      The court of appeals apparently assumed that "signed" means only a manual signature.  In fact, the ordinary understanding of "signed" is not so limited.  For example, under the statute of frauds, a document is valid "if it is signed by the person to be charged by any of the known modes of impressing a name on paper, namely, by writing, printing, lithographing, or other such mode, *provided the same is done with the intention of signing*."  *Bishop v. Norell*, 88 Ariz. 148, 151, 353 P.2d 1022, 1025 (1960) (emphasis added).

¶13      *Bishop*'s recognition that "signed" is not limited to manual, handwritten signatures comports with earlier Arizona

6

case law and secondary sources interpreting the term "signed" more generally. In a case involving whether facsimile signatures of the treasurer on bonds were valid, this Court turned to the following definition:

> The signature may be written by hand, or printed, or stamped, or typewritten, or engraved, or photographed, or cut from one instrument and attached to another. A signature lithographed on an instrument by a party is sufficient for the purpose of signing it, and it has been held that it is immaterial with what kind of an instrument a signature is made.

*Maricopa County v. Osborn*, 60 Ariz. 290, 300-01, 136 P.2d 270, 274 (1943) (quoting 58 C.J. 729, ¶ 17); *see also* Black's Law Dictionary 1552 (De Luxe 4th ed. 1957) (defining "sign" to mean, among other things, "[t]o attach a name or cause it to be attached to a writing by any of the known methods of impressing a name on paper").

¶14 In addition, in construing whether the requirements of Rule 58(a) have been met, this Court has historically focused on the intent of the judge. *See Devenir Assocs. v. City of Phoenix,* 169 Ariz. 500, 504, 821 P.2d 161, 165 (1991) (holding that a document entitled "OPINION" was not final and appealable because the superior court judge did not intend it to be); *Focal Point, Inc. v. Court of Appeals*, 149 Ariz. 128, 129, 717 P.2d 432, 433 (1986) (finding minute entry a valid judgment because the trial court signed the written minute entry order and titled it "JUDGMENT," demonstrating the intent that the order serve as

7

an appealable judgment).

¶15    The phrase "signed by a judge" as used in Rule 58(a) therefore encompasses more than manual signatures.  Nothing in the Rules of Civil Procedure or our case law prohibits judgments from being signed electronically.  Instead, the defining characteristic of the requirement that a judgment be "signed" is that the document has affixed to it in some form the name of the judge that evidences an *intention of authentication*.  By affixing "/s/ *Kenneth L. Fields*" to the two orders, the judge here clearly demonstrated his intent to authenticate both documents, and therefore "signed" them for purposes of Rule 58(a).  Also, as the parties agree, the language of those orders expressly states that they were meant to be final judgments for purposes of Rule 58(a).

### III

¶16    We also observe that the policies expressed in Arizona Rule of the Supreme Court 124 and administrative orders promulgated by this Court and the Maricopa County Superior Court pertaining to the electronic filing of court documents are consistent with our holding that Rule 58(a) is satisfied when a judge electronically signs a judgment.

¶17    Supreme Court Rule 124 paved the way for the implementation of electronic filing programs in Arizona courts. That rule authorizes the presiding judge of the superior court

8

in each county to permit electronic filing by court rule or administrative order. Ariz. R. Sup. Ct. 124(a). Section (c)(2) of Rule 124 declared that "[a]n electronically filed document constitutes the filing of the original written and signed paper under the rules governing practice and procedure in the courts of this state." Section (d) of this rule provides that "[a] court may deliver . . . orders requiring the signature of a judge or a clerk to be effective . . . electronically . . . to any party or any party's attorney who files . . . a consent."

¶18    This Court and the Maricopa County Superior Court subsequently adopted court rules to establish the Complex Civil Litigation Court. Ariz. Sup. Ct. Admin. Order No. 2002-107; Maricopa County Super. Ct. Admin. Order No. 2003-115. The Complex Civil Litigation Court uses electronic filing and case management as a more effective way to deal with complex cases.

¶19    Supreme Court Administrative Order 2002-107(1) designates "[t]he Superior Court in Maricopa County [as] . . . a pilot site to experiment with a Complex Civil Litigation Court." The order also authorizes "the presiding judge of the Superior Court in Maricopa County . . . to establish additional rules and procedures . . . to implement electronic filing and management of court documents." *Id*. To that end, Maricopa County Superior Court Administrative Order 2003-115, section 32, titled "Court Orders and Judgments," provides that "[t]he Court may issue,

9

file, and serve notices, orders, and other documents electronically in an e-file case."[1]

¶20     These administrative orders express the important policy behind electronic court programs.  These rules and orders have prompted courts to create "e-filing" programs under the assumption that electronic signatures comply with the Rules of Civil Procedure.  The court of appeals' order, therefore, is inconsistent not only with Rule 58(a), but also with the policies of a paperless electronic court system.[2]

**IV**

¶21     In summary, we hold that nothing in Rule 58(a) or our case law mandates that a judge manually sign an order for it to be a valid judgment.  As long as a judge intends that his or her

---

[1]     In 2005, the Maricopa County Superior Court adopted an administrative order that specifically provided that "[e]lectronic documents may be signed by Judicial Officers via the use of a printed signature preceded by the /s/ symbol or via the use of the e-filing application judicial signature stamp." Maricopa County Super. Ct. Admin. Order No. 2005-091(6).  This administrative order became effective after both the judgments at issue in this case were electronically signed and entered by the clerk.  While this order does not govern these judgments, it does clarify the intent behind the prior administrative orders.

[2]     Arizona's Electronic Transactions Act, A.R.S. §§ 44-7001 to -7051 (2003 & Supp. 2006), embodies the general policy of facilitating transactions based on electronic signatures, increasing consistency regarding electronic transactions, and providing uniform law for electronic transactions. *Id.* § 44-7006(1)-(3) (2003).  The Act applies to judicial agencies. *See Id.* § 44-7002(9) (2003).  Given our analysis above, we find it unnecessary to rely on the Act, but recognize that our holding

electronic signature formalizes a written judgment, the document complies with Rule 58(a). The July 17 and May 26 judgments, which were electronically signed and clearly manifested the superior court judge's intent to authenticate both documents, complied with the requirement of Rule 58(a) that a judgment be "signed."

## V

**¶22** For the foregoing reasons, we accept jurisdiction, grant relief, vacate the order of the court of appeals, and remand this matter to that court for further proceedings consistent with this opinion.

_____
Michael D. Ryan, Justice

CONCURRING:

_____
Ruth V. McGregor, Chief Justice

_____
Rebecca White Berch, Vice Chief Justice

_____
Andrew D. Hurwitz, Justice

_____
W. Scott Bales, Justice

_____

comports with the Act's general policy of recognizing and facilitating transactions using electronic signatures.