SUPREME COURT OF ARIZONA
In Division

| | |
|---|---|
| HON. MICHAEL K. CARROLL (Retired), | ) Arizona Supreme Court<br>) No. CV-07-0066-SA |
| Petitioner, | ) Commission on Judicial<br>) Conduct |
| v. | ) Nos. 1181310617A<br>) 1181310617B |
| COMMISSION ON JUDICIAL CONDUCT, | ) |
| Respondent. | ) **O P I N I O N** |

Special Action from the Commission on Judicial Conduct

**ORDER VACATED; REMANDED**

_____

TIFFANY & BOSCO, P.A.                                          Phoenix
    By   James E. Padish
Attorneys for Michael K. Carroll

COMMISSION ON JUDICIAL CONDUCT                                 Phoenix
    By   Linda Haynes, Disciplinary Counsel
Attorneys for Commission on Judicial Conduct

_____

**B A L E S**, Justice

¶1      Judges on Arizona state and local courts are subject to disciplinary proceedings before the Commission on Judicial Conduct ("Commission"), which may recommend that this Court impose formal sanctions for judicial misconduct.  *See* Ariz. Const. art. 6.1.  We hold that Commission Rule 23(c) entitles a judge, upon timely request, to a hearing when the Commission itself imposes informal sanctions such as a public reprimand.

PROCEDURAL BACKGROUND

¶2      In March 2006, a judicial ethics complaint was filed with the Commission against Judge Michael K. Carroll of the City of Phoenix Municipal Court.  The complaint alleged that Judge Carroll had inappropriately objected to the appointment of a new assistant presiding judge for his court.  Judge Carroll filed a written response denying any improper conduct and asking the Commission to dismiss the complaint.

¶3      On July 11, 2006, the Commission issued an order finding that Judge Carroll had violated the Code of Judicial Conduct and imposing an informal reprimand pursuant to Commission Rule 17(a).  Judge Carroll filed a timely motion for reconsideration or, in the alternative, for a formal hearing under Commission Rules 23(b) and (c).  On October 3, 2006, the Commission issued an amended order but denied Judge Carroll's request for a hearing.  Judge Carroll renewed his motion for a hearing on October 13, 2006, and the Commission denied this request on November 3, 2006.  Judge Carroll then filed this special action challenging the Commission's denial of his request for a hearing.

¶4      Our special action review is discretionary.  *Haywood Sec., Inc. v. Ehrlich*, 214 Ariz. 114, 115 ¶ 6, 149 P.3d 738, 739 (2007).  We exercise jurisdiction here because this case presents a legal issue of statewide importance that is likely to

2

recur. *Id*. Moreover, Judge Carroll has no "equally plain, speedy, and adequate remedy by appeal," Ariz. R.P. Spec. Act. 1(a), because informal sanctions are not subject to review by this Court, R. Comm'n Judicial Conduct 28(c). We have jurisdiction pursuant to Article 6, Section 5(4), of the Arizona Constitution and Arizona Rule of Procedure for Special Actions 4(a).

## DISCUSSION

¶5 Arizona regulates judicial conduct through a system involving both this Court and the constitutionally-created Commission. *See* Ariz. Const. art. 6.1; R. Comm'n Judicial Conduct pmbl. The Commission performs "a central and essential role in imposing appropriate judicial discipline." *In re Carpenter,* 199 Ariz. 246, 248 ¶ 8, 17 P.3d 91, 93 (2001). "On recommendation of the commission," this Court "may censure, suspend without pay or remove a judge for . . . willful misconduct in office, willful and persistent failure to perform his duties, habitual intemperance or conduct prejudicial to the administration of justice." Ariz. Const. art. 6.1, § 4(A). The Constitution does not itself specify procedural rules for judicial disciplinary proceedings, but instead directs this Court to make rules implementing the constitutional provisions. *Id.* § 5; *see also In re Nelson,* 207 Ariz. 318, 320 ¶ 4, 86 P.3d 374, 376 (2004).

3

¶6      Under the rules adopted by this Court, the Commission investigates allegations of judicial misconduct upon receipt of a written complaint or on its own motion. R. Comm'n Judicial Conduct 20. Based on the investigation, "the commission may issue an order dismissing the complaint." *Id.* 23(a). If there is reasonable cause to proceed, the investigation may instead result in the filing of formal charges. *Id.* 24(a). In that event, the judge who is the subject of the proceedings is entitled to discovery, *id.* 26; to a formal hearing at which the judge may, among other things, "present evidence and produce and cross-examine witnesses," *id.* 27(f)(6); and to file a petition requesting this Court to modify or reject any recommendation by the Commission for the imposition of censure, suspension, removal, or retirement from office, *id.* 29(a), (c).

¶7      As an alternative to either the dismissal of a complaint or the filing of formal charges, the Commission's rules contemplate that an investigation may result in the imposition of an "informal sanction." *Id.* 23(a). Such sanctions are governed by Commission Rule 17, which provides:

> **(a) Reprimand.** The commission may reprimand a judge without a formal hearing for conduct that is unacceptable under one of the grounds for judicial discipline but that is not so serious as to warrant formal proceedings or further discipline by the supreme court.
>
> **(b) Other informal sanctions.** The commission may take any other informal action consistent with these

4

rules, including, but not limited to, the assessment of attorney fees and costs.

The Commission rules thus provide that "informal sanctions" may be imposed based on the Commission's investigation and without any formal hearing.

¶8      The imposition of informal sanctions, however, has significant consequences. Such sanctions reflect a Commission finding that the judge has violated the Code of Judicial Conduct or otherwise committed acts deserving discipline. *See id.* 6, 17(a). Consequently, a reprimand or other informal sanction may be an aggravating factor that supports more severe disciplinary action in future disciplinary proceedings. *Id.* 19(g) (noting prior disciplinary action as factor for determining discipline); *In re Peck,* 177 Ariz. 283, 289, 867 P.2d 853, 859 (1994) (noting prior reprimands and admonishments as aggravating factor). Moreover, once the proceedings are concluded, the Commission's finding of improper conduct and its resulting informal sanction are made public. R. Comm'n Judicial Conduct 9(a). Thus, the imposition of such sanctions may affect the judge's reputation among other judges, the legal profession, and the public.

¶9      Within fifteen days after the issuance of an order imposing informal sanctions, the affected judge "may file a motion for reconsideration, which may include a request to appear before the commission." *Id.* 23(b). Alternatively,

5

within the same fifteen days, the judge may "file a request for a hearing conducted pursuant to Rule 27." *Id.* 23(c). Rule 27 is the rule governing formal hearings before the Commission.

¶10 The issue presented here is whether Commission Rule 23(c) entitles a judge, upon timely request, to a hearing in connection with the Commission's imposition of informal sanctions.[1] The Commission contends that the Rule merely allows a judge to "request" a hearing, which it may grant or deny in its discretion. Judge Carroll argues that the Rule affords a judge the right to a hearing, and thus the Commission erred by denying his request.[2]

¶11 We conclude that Rule 23(c) affords a judge the right to a hearing and not merely the right to ask for one to be granted or denied at the Commission's discretion. Rule 23(b)

---

[1] Rule 23 was amended effective September 18, 2006 -- after Judge Carroll requested a hearing in connection with the Commission's July 11 order but before he renewed his request in response to the Commission's October 3 amended order. The September 18 amendments clarified that a request for a formal hearing is an alternative to a motion for reconsideration, while the prior version of Rule 23 allowed the request to be in addition to such a motion. Judge Carroll's initial request was governed by the January 20, 2006 version of Rule 23. Nonetheless, because the September 18 amendments do not affect whether the Judge was entitled to a hearing, we direct our discussion to the current version of the Rule.

[2] Judge Carroll has not challenged, and we do not address, the Commission's general authority to impose informal sanctions, which are not expressly authorized by Article 6.1 of the Arizona Constitution. *Cf. In re Nelson*, 207 Ariz. at 320-21 ¶ 8, 86 P.3d at 376-77 (recognizing this Court's implied authority to assess costs in judicial disciplinary proceedings).

allows a judge to file a "motion" for reconsideration and directs the Commission to "promptly notify the judge and the complainant of its decision." In contrast, Rule 23(c) allows the judge to request a hearing, and rather than suggesting that the Commission may issue a "decision" granting or denying such a request, the Rule states that such a hearing "shall be conducted before the commission" itself.

¶12 Our conclusion also finds support from the fact that a judge, as Commission Rule 8 recognizes, is entitled to due process in connection with disciplinary proceedings. As explained above, the imposition of an informal sanction represents a Commission finding that the judge has acted improperly; the sanction is made public and may lead to enhanced sanctions in later disciplinary proceedings. Under the Commission's interpretation of Rule 23(c), these consequences could result without the judge having any opportunity to appear in person before the Commission or to directly present or confront evidence on disputed facts. This outcome would raise potential due process issues, which are obviated by interpreting Rule 23(c) as entitling a judge to a hearing upon timely request. *Cf. State v. Gomez*, 212 Ariz. 55, 60 ¶ 28, 127 P.3d 873, 878 (2006) (declining to construe statute in a manner that would raise serious constitutional questions).

**CONCLUSION**

¶**13**    Because we conclude that the Commission erred in denying Judge Carroll's timely request for a hearing, we vacate the Commission's order of October 3, 2006, and remand this matter to the Commission for further proceedings.


_____
W. Scott Bales, Justice


CONCURRING:

_____
Ruth V. McGregor, Chief Justice


_____
Andrew D. Hurwitz, Justice