NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MARK ROBERT PERMENTER, *Petitioner/Appellee*,

*v.*

ALYSHA LYNN PERMENTER, *Respondent/Appellant*.

No. 1 CA-CV 21-0223 FC
FILED 11-30-2021

Appeal from the Superior Court in Maricopa County
No. FC2017-095002
The Honorable Joan M. Sinclair, Judge

**REVERSED AND REMANDED**

COUNSEL

Novo Law PLLC, Chandler
By Caitlin L. Andrade
*Counsel for Petitioner/Appellee*

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Erica Leavitt
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1        Alysha Lynn Permenter ("Mother") appeals the superior court's order designating Mark Robert Permenter ("Father") the primary residential parent during their daughter D.P.'s school year.   For the following reasons, we reverse and remand for further proceedings consistent with this decision.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        D.P. was born in 2015 and lived in Tucson with Mother and Father.  The parties separated, and Father moved to the metro-Phoenix area. Father filed a dissolution petition in 2017, and the parties entered into a parenting-time agreement which provided for a week-on/week-off parenting schedule, with an exchange taking place on Saturdays in Casa Grande.  The superior court entered a temporary order to that effect.  After trial on the petition for dissolution, the superior court ordered the parties to continue the week-on/week-off schedule until D.P. was enrolled in kindergarten.

¶3        When D.P. reached kindergarten age in 2020, Mother petitioned for modification of the parenting-time plan to allow D.P. to attend school in Tucson.  In her petition, Mother asserted that "this is in essence a delayed relocation matter."  Father objected and requested that he be the primary residential parent during the school year.

¶4        The parties filed a joint motion to accelerate the trial on parenting time and school choice, indicating neither party objected to the other's choice of a school should the court designate the other parent primary residential parent "pursuant to ARS §§ 25-403.A, **408** as applicable, and *Jordan v. Rea*[, 221 Ariz. 581 (App. 2009)]."  (Emphasis added.)

¶5        The parties submitted a joint pretrial statement, which indicated they had agreed upon some, but not all, components of a "long distance parenting plan."   In Father's separate memorandum about contested issues, he argued that "a thorough review of the factors contained

within A.R.S. § 25-403 . . . as well as the factors listed in A.R.S. § 25-408 weigh in favor of designating Father as the school year parent . . . ." Father then set out argument about each of the section 403 best interests factors and section 408 relocation factors. Mother did the same in her separate memorandum about contested issues.

¶6　　　　　After trial, the superior court ordered that Father would be D.P.'s primary residential parent during the school year. Mother moved for a new trial pursuant to Arizona Rule of Family Law Procedure ("Rule") 83. The court denied the motion. Mother timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## DISCUSSION

I.　　Appellate Jurisdiction

¶7　　　　　Preliminarily, Father argues that we lack jurisdiction over this appeal because Mother's notice of appeal was untimely. Whether this court has appellate jurisdiction is an issue of law that we review de novo. *State v. Serrano*, 234 Ariz. 491, 493, ¶ 4 (App. 2014).

¶8　　　　　The superior court denied Mother's Rule 83 motion on November 24, 2020. The court's minute entry order was unsigned. In March 2021, Mother filed a notice of lodging seeking a signed order, and the superior court filed a signed order containing Rule 78(c) finality language on March 8, 2021.

¶9　　　　　Section 12-2101(A)(2) allows an appeal from "any special order made after final judgment." To be appealable, a judgment or order must be in writing and signed by a judge or commissioner. *State v. Birmingham*, 96 Ariz. 109, 112 (1964). The time to file a notice of appeal from an order resolving a time extending motion does not begin to run until a signed order is filed. *Tripati v. Forwith*, 223 Ariz. 81, 84, ¶ 15 (App. 2009) ("A signed order is necessary because the time for appeal can be calculated only from the filing of a signed order."). Here, because the superior court's November 24, 2020 minute entry order was unsigned, Mother's notice of appeal was not due until thirty days after the court's signed March 8, 2021 order. *See* ARCAP 9(a) (notice of appeal must be filed within thirty days after entry of the judgment from which the appeal is taken). Because she filed her notice of appeal on March 24, 2021, Mother's appeal was timely and we have jurisdiction.

II.     Parenting Time & Relocation

**¶10**     We review the superior court's decision about parenting time for an abuse of discretion. *In re the Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002). An abuse of discretion occurs when the record, viewed in the light most favorable to upholding the superior court's decision, does not support the decision or when the court commits an error of law. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999); *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018). Whether the relocation provisions of A.R.S. § 25-408 apply is an issue of statutory interpretation that we review de novo. *Buencamino v. Noftsinger*, 223 Ariz. 162, 164, ¶ 7 (App. 2009).

**¶11**     When parents contest parenting time, the superior court "shall adopt a parenting plan that provides for both parents to share legal decision-making regarding their child and that maximizes their respective parenting time," consistent with the child's best interests. A.R.S. § 25-403.02(B). Section 25-403(A) provides a non-exhaustive list of factors the court must consider when entering parenting time orders. Although there is a presumption that equal or near-equal parenting time is in the child's best interests, "[e]qual parenting time . . . may not always be possible, particularly when the parties live in different states or are separated by a considerable distance." *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 6 (App. 2019).

**¶12**     Mother argues that although Father did not specifically request a relocation for D.P., his request that D.P. primarily reside in Peoria with him during the school year amounted to a request for relocation. She contends the superior court erred by failing to consider the factors set forth in A.R.S. § 25-408 relating to the relocation of a child and by failing to apply the burden against Father to prove that relocation of D.P. was in her best interests.

**¶13**     Section 25-408 provides that if both parents of a child are entitled to joint legal decision-making or parenting time, and both parents reside in Arizona, a parent may not relocate the child out of state or more than 100 miles within the state without providing notice so that the other parent has an opportunity to petition the superior court to prevent the relocation of the child. A.R.S. § 25-408(A), (C). "By its terms, [A.R.S. § 25-408(A)] does not limit the court's authority to determine relocation issues or define what constitutes a 'relocation' under § 25-408." *Woyton*, 247 Ariz. at 532, ¶ 8. "[T]he court must apply § 25-408(G) and § 25-408(I) when resolving any contested relocation . . . ." *Id.* at ¶ 9.

¶14        Section 25-408(G) provides that the court shall determine whether to allow a relocation "in accordance with the child's best interests." "The burden of proving what is in the child's best interests is on the parent who is seeking to relocate the child." *Id.* In assessing the child's best interests, the court must consider "all relevant factors," including:

1.  The factors prescribed under § 25-403.

2.  Whether the relocation is being made or opposed in good faith and not to interfere with or to frustrate the relationship between the child and the other parent or the other parent's right of access to the child.

3.  The prospective advantage of the move for improving the general quality of life for the custodial parent or for the child.

4.  The likelihood that the parent with whom the child will reside after the relocation will comply with parenting time orders.

5.  Whether the relocation will allow a realistic opportunity for parenting time with each parent.

6.  The extent to which moving or not moving will affect the emotional, physical or developmental needs of the child.

7.  The motives of the parents and the validity of the reasons given for moving or opposing the move including the extent to which either parent may intend to gain a financial advantage regarding continuing child support obligations.

8.  The potential effect of relocation on the child's stability.

A.R.S. § 25-408(I).

¶15        Mother contends the superior court must apply § 25-408 before changing D.P.'s primary residence. We agree. Our conclusion that § 25-408 applies is consistent with our opinion in *Berrier v. Rountree*, 245 Ariz. 604 (App. 2018).

¶16        In *Berrier*, the parties lived in separate states and shared roughly equal parenting time until their child reached school age. 245 Ariz. at 605, ¶ 3. When that time arrived, Father petitioned to modify the

parenting plan so the child could live with him and attend school in Arizona. *Id.* at ¶ 4. There, unlike here, the parties had never argued that A.R.S. § 25-408 applied—the parties' pleadings framed the issue as one of parenting time alone, and the superior court adopted that characterization. *Id.* at 606, ¶ 8. We held that the superior court's decision changing the parenting schedule was effectively a relocation because the court was asked to choose between the parties' two residences to establish a single primary home (and home state) for the child. *Id.* at 606, ¶ 8.

> When deciding a relocation issue that implicates a change in parenting time, the court must determine whether relocation would serve the child's best interests by considering and making specific findings with respect to all relevant factors, including those set forth in § 25-408(I). The § 25-408(I) factors include—but require more than—the factors prescribed by § 25-403 . . . . Here, though the court made findings that were adequate for a simple change of parenting time, the parties did not present allegations, and the court made no findings, regarding the balance of the § 25-408(I) factors . . . .

*Id.* at ¶ 9 (citations and footnote omitted).

¶17        Here, Mother and Father shared roughly equal parenting time until D.P. reached school age. Although Mother and Father both live in Arizona, they live in separate cities (and counties) more than 100 miles apart. By designating Father the primary residential parent, the superior court's change to the parenting schedule effected a relocation, from two equally-divided residences to one primary residence; the superior court had to consider the § 25-408(I) best interests factors in addition to the § 25-403(A) best interests factors. The fact that D.P. was relocated within her home state does not negate the fact that a relocation occurred, as Father suggests, because the child's residence was established at a location over 100 miles away from the other parent's residence.

¶18        The superior court was required to apply the A.R.S. § 25-408 factors and make specific findings with respect to those factors but did not do so. *See Berrier*, 245 Ariz. at 606, ¶ 9; *Woyton*, 247 Ariz. at 532-33, ¶ 10. Accordingly, we remand for a new trial to determine whether relocation from two residences to one primary residence is in D.P.'s best interests. Mother, the parent petitioning the court to establish D.P.'s primary residence with her, shall have the burden of establishing that relocation is in D.P.'s best interests. *See* A.R.S. § 25-408(G). Pending such proceedings, the superior court's orders remain in effect.

¶19 Mother requests attorneys' fees and costs pursuant to A.R.S. § 25-324. Father requests attorneys' fees and costs pursuant to A.R.S. §§ 25-324, 12-349. After considering the financial resources of the parties and the reasonableness of the positions on appeal, in the exercise of our discretion we deny Father's request and we award Mother her reasonable attorneys' fees and costs upon compliance with ARCAP 21.

## CONCLUSION

¶20 For the foregoing reasons, we reverse and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA